## 31938. PEPPERS v. PEPPERS.

HALL, Justice.

This appeal is from a judgment in a contempt case.

The parties to this action were divorced on September 9, 1975. Custody of the couple's two minor children was awarded to the appellant wife. The decree provided in part that the appellee husband was to have the right of visitation the first, third and fifth weekends of each month, from June 15th to August 15th each year, and during the children's Christmas and spring vacations every other year. The court fixed child support as follows: "the sum of $100.00 per month for each child, payable at $50.00 for each child on the 1st and on the 15th day of each month commencing on September 15, 1975, and continuing thereafter until each child shall reach the age of 18 years, die, marry or become self-supporting."

The appellant filed a contempt action against the appellee in August 1976, alleging that appellee was $500 in arrears in his child support payments ($100 for the period January 1 through January 15, 1976 and $400 for the period June 15 through August 15, 1976) and that he had on occasion deducted unauthorized amounts from his monthly child support payments. The appellee admitted the $500 arrearage for those periods alleged and that those time periods represented occasions when the children were visiting with him.

The trial court found that the appellee had made an unauthorized deduction of $79.40 from his child support payments for dental expenses. In addition, the trial court

stated it had an "independent recollection" of the facts surrounding the granting of the final divorce decree and held that it was not the parties' intention for the appellee to pay child support while he had custody of the children during the summer months. Therefore the court found appellee to be in arrears only $100 (that period representing the Christmas vacation). The court did not find appellee in wilful contempt and therefore did not award the appellant expenses of litigation or attorney fees. We reverse.

We find no authority for a trial judge in a contempt action independently recollecting the intentions of the parties at the time a final judgment and decree of divorce was issued and changing the plain and unambiguous language of the decree based on that recollection. This court has repeatedly held that a trial judge in a contempt proceeding has no authority to modify the terms of a divorce and alimony judgment. See, e.g., *Waller v. Waller,* 237 Ga. 336 (227 SE2d 374) (1976); *Arnold v. Arnold,* 236 Ga. 594 (1) (225 SE2d 30) (1976); *Groover v. Simpson,* 234 Ga. 714 (217 SE2d 163) (1975); *Shaw v. Radcliff,* 232 Ga. 860 (209 SE2d 194) (1974). While a trial judge may find that a former husband was not in wilful contempt for failure to pay child support payments, he has no authority to reduce arrearages under the decree. See *Waller* and *Arnold,* supra.

*Judgment reversed and remanded. All the Justices concur.*

SUBMITTED JANUARY 21, 1977 — DECIDED FEBRUARY 23, 1977.

*Archer & Barnes, James H. Archer, Jr.,* for appellant.

*James W. Paris,* for appellee.