34279, 34448. SIMS v. SIMS; and vice versa.

UNDERCOFLER, Presiding Justice.

These appeals involve companion cases to a petition for modification of alimony appealed in *Sims v. Sims,* 243 Ga. 275 (1979). Appeal No. 34279 arises out of a petition for contempt filed by the appellant former wife for

nonpayment of alimony. The petition for contempt was consolidated with the former husband's habeas corpus petition for change of custody of the parties' three children to him. The trial judge, after hearing, found the wife was cohabiting with a man who was not her husband in violation of Code Ann. § 30-220 (b), the so-called "live in lover" statute. He found this immoral relationship had been conducted in the presence of the minor children. He found also that the "live in lover" had administered corporal punishment to the youngest daughter and a serious beating to the oldest child, a son aged 17 years. The trial judge ordered custody changed to the former husband and abated child support payments to the former wife; refused to hold the former husband in contempt; required the payment of delinquent alimony to the date of judgment; and relieved the former husband of obligation to make future alimony payments. Appellant former wife appeals the change of custody, the failure to hold her former husband in contempt, and the discontinuance of alimony payments. Appeal No. 34448 is a cross appeal by the former husband in which he claims it was error not to terminate the alimony payments as of the date his former wife began cohabiting with a man.

"[A] trial judge in a contempt proceeding has no authority to modify the terms of a divorce and alimony judgment." *Peppers v. Peppers,* 238 Ga. 411 (233 SE2d 374) (1977). However, the circumstances here support the trial court's finding that the refusal to make the alimony payments was not wilful and the refusal to hold the former husband in contempt. We note the trial court ordered alimony payments to be made into the registry of the court pending this appeal.

We find no merit in appellant's complaint that the habeas corpus writ had not been formally executed prior to the hearing and that the children, aged 17, 15 and 13 years were not brought before the court. A petition for change of custody is said to be in the nature of a habeas corpus and strict adherence to habeas corpus procedure is not required. There was adequate notice and a hearing held with appellant present and testifying. The children at that time were in appellant's custody and she could have produced them had she so desired.

We find that there is reasonable evidence to support the change of custody. *Robinson v. Ashmore,* 232 Ga. 498 (207 SE2d 484) (1974).

*Judgment affirmed in part and reversed in part in appeal No. 34279. Cross appeal No. 34448 dismissed. All the Justices concur.*

SUBMITTED JANUARY 8, 1979 — DECIDED MARCH 8, 1979.

*Fitzgerald & Crane, Wilbur T. Fitzgerald,* for appellant.

*Drew & Jones, James B. Drew, Jr., Don M. Jones,* for appellee.