## 35088. STANLEY v. STANLEY.

PER CURIAM.

This is a contempt case brought by the wife against the husband for failure to make payments on a note she alleges it was his duty to pay under their divorce decree. See *Stanley v. Stanley,* 240 Ga. 856 (242 SE2d 626) (1978). The trial court ruled in favor of the husband. She appeals. We reverse.

1. The trial court did not err in refusing to allow the wife to dismiss her petition. The husband's answer raised against her an issue of contempt. Under Code Ann. § 81A-141(a), "[i]f a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court." *Arrendale v. Arrendale,* 228 Ga. 295 (185 SE2d 83) (1971).

2. Under the divorce decree, the husband "shall be responsible and shall pay all obligations *incurred by the parties* during their marriage and prior to their separation on November 23, 1976, with the exception of the outstanding obligation for orthodontic work . . ." (Emphasis supplied.) It is undisputed that the note in question was executed by the wife on September 24, 1976, during the marriage. The decree clearly requires the husband to pay this obligation. The trial court has no authority in a contempt proceeding to modify the terms of a divorce decree. *Sims v. Sims,* 243 Ga. 276 (253 SE2d 763) (1979); *Peppers v. Peppers,* 238 Ga. 411 (233 SE2d 374) (1977). The trial court erred in holding otherwise.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hill and Bowles, JJ., who dissent.*

SUBMITTED JULY 9, 1979 — DECIDED OCTOBER 2, 1979.

*William I. Sykes, Jr.,* for appellant.
*Robinson, Harben, Armstrong & Millikan, Sam S.*

*Harben, Jr.,* for appellee.