## 66883. RAINEY v. GUARDIAN LIFE INSURANCE COMPANY OF AMERICA.

BANKE, Judge.

The plaintiff sued the defendant insurance company to recover accidental death benefits in the amount of $5,000, allegedly due to her as a result of her husband's death. She appeals the trial court's grant of summary judgment to the insurance company. The insurance policy at issue is a group policy covering the employees of Appollo Forest Products Company. The plaintiff's husband died by drowning two days after terminating his employment with that company.

The policy is divided into three major sections. The first is entitled "Employee Basic Term Life Insurance," the second is entitled "Employee Accidental Death and Dismemberment Insurance," and the third is entitled "Major Medical Expense Benefits." There is a general policy provision to the effect that all coverage terminates on the date an employee ceases to be employed by the company. However, pursuant to OCGA § 33-27-3 (a) (8, 10) (Code Ann. § 56-2704), the "Employee Basic Term Life Insurance" section contains the following provisions: *Conversion Privilege.* If this insurance as to an employee ceases by reason of termination of employment or of membership in the classes eligible for this insurance, the employee shall be entitled to convert all or part of this insurance, without evidence of insurability, to an individual policy of life insurance, provided written application and the first premium payment are made to the insurance company within thirty-one days from the date of such termination . . . *Insurance Protection During Conversion Period.* If an employee is entitled by the terms of the preceding provisions to convert all or part of his insurance hereunder to an individual policy but dies within the thirty-one day period following termination of this insurance during which application for the individual policy may be made, the amount of insurance which might otherwise have been converted will be paid as a claim under this policy whether or not application for the individual policy, or the payment of the first premium therefor, has been made." These provisions are preceded by a statement that they "pertain only to Employee Basic Term Life Insurance."

The defendant paid the plaintiff the $5,000 basic death benefit to which she was entitled pursuant to the above quoted conversion provisions; however, the company refused her demand for an additional $5,000 in accidental death benefits. At issue in this appeal is whether the language of the "conversion privilege" is broad enough or ambiguous enough to encompass the accidental death and

dismemberment provisions of the policy as well as the basic life insurance provisions. *Held:*

The "conversion privilege" clearly and unambiguously refers only to the basic term life insurance coverage. Accord Carter v. Gen. Amer. Life Ins. Co., 452 SW2d 253, 257 (Mo. App. 1970); Droz v. Paul Revere Life Ins. Co., 405 P2d 833 (Ariz. App. 1965); Williams v. C. T. Life &c. Ins. Co., 303 FSupp. 1208 (D. Kan. 1968), affd. 416 F2d 447 (10th Cir. 1969). It follows that the trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 11, 1983 —
REHEARING DENIED OCTOBER 24, 1983 — 

*William T. Payne,* for appellant.
*H. Sanders Carter, Jr.,* for appellee.