## S90A1324. MILLNER v. MILLNER.
### (397 SE2d 289)

BELL, Justice.

We granted a discretionary appeal in this case to determine whether the trial court erred in denying a petition for contempt filed by appellant Judith Millner against appellee Guy Millner. Judith contended that Guy was delinquent in making interest payments on money he was required to pay as property settlement under the terms of a settlement agreement that was incorporated into the parties' divorce decree. The trial court denied Judith's petition for contempt, but we reverse. On appeal Judith's sole argument is that Guy owes interest on the money in question. Guy contends that he does not owe interest, and that there are two other reasons why the trial court's

judgment should be affirmed. We conclude Guy does owe interest on the money in question. Moreover, we find no merit to Guy's other arguments in support of the judgment. We thus must reverse the trial court's judgment and remand the case to it for it to determine whether, under the facts of this case, Guy was in contempt of court for refusing to pay the interest in question.

The parties were divorced in 1988. The final judgment incorporated a settlement agreement, which provided in Paragraph 3 that Guy Millner would pay to Judith Millner the sum of $3,200,000 as a property settlement, less any amount of gift tax that Guy Millner would pay on Judith Millner's behalf for Judith's transfer of certain stock to a trust for the benefit of Guy's adopted son. Paragraph 3 provided that taxes on the stock transfer would be approximately $900,000, but that if the gift tax were less than $900,000, Guy would pay Judith, pursuant to Paragraph 4 of the agreement, the difference between $900,000 and the amount of gift tax actually paid.

Paragraph 4 provided that after payment of gift taxes "there will be a balance due [on the $3,200,000] of approximately $2,300,000" and that Guy Millner "shall pay said balance of approximately $2,300,000 in annual principal installments . . . , together with interest on the unpaid balance."

On April 15, 1989, Guy Millner prepared and filed the gift-tax return on the stock transfer; the payment was for $408,128. Judith Millner subsequently wrote Guy a letter, stating that she believed the parties' agreement required Guy to pay her interest on the $491,872 difference between $408,128 and $900,000. Guy refused to pay the interest, prompting Judith to file the instant contempt action. Judith contended that the $491,872 became part of the balance due under Paragraph 4 of the parties' agreement and that Guy Millner owed her interest calculated on a total balance due of $2,791,872. Judith contended that as of January 1, 1990, Guy owed her $77,880 in interest on the $491,872. Guy did not file an answer to Judith's contempt petition, but at the hearing held thereon he denied he owed any interest on the $491,872. He agreed that the interest in Paragraph 4 was to be calculated based on the balance due under Paragraph 4. However, he contended that the $491,872 did not become part of the balance due under Paragraph 4 of the agreement; that Paragraph 4 fixed the balance due at $2,300,000; and that the reference in Paragraph 3 to paying, pursuant to Paragraph 4, the difference between $900,000 and the gift tax actually paid simply meant he had to pay the $491,872 according to the installment dates specified in Paragraph 4. In addition to denying that he owed any interest, Guy contended that Judith's action was premature, in that, according to him, the IRS had until April 15, 1993, to contest the gift-tax valuation.

The trial court denied the motion, and we granted Judith's appli-

cation to appeal. We now reverse. We conclude that Guy does owe the interest in question; that Judith's action is not premature; and that an additional reason Guy now advances to support the trial court's judgment — that contempt was not a proper remedy — has no merit.

1. We agree with Judith's contention that the portion of the $3,200,000 that remained unpaid after Guy's payment of Judith's gift-tax liability became the balance due under Paragraph 4 of the parties' agreement and had to be paid pursuant to the installment schedule set up in Paragraph 4, with interest. We reject Guy's argument that Paragraph 4 fixed the balance due at $2,300,000. This argument ignores the plain language of the agreement, which indicates that the $2,300,000 figure was an estimate, based on the estimate that Guy would have to pay $900,000 in gift taxes.

2. Guy Millner argues that even if Paragraphs 3 and 4 of the agreement require him to pay interest on the disputed amount, contempt is not the proper remedy, because, he argues, a trial court is without authority in a contempt action to interpret the meaning of the agreement incorporated into the divorce decree. Instead of bringing a contempt action, he contends, Judith Millner should have brought an independent suit on the agreement to determine the meaning of the agreement. We find that Judith's contempt action was proper, as a trial court does have authority to interpret divorce decrees in deciding contempt issues placed before it. See *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722) (1982); *Ward v. Ward*, 236 Ga. 860, 861-862 (1) (226 SE2d 52) (1976).

3. Guy Millner next argues that even if the parties' agreement requires the payment of interest, and even if contempt is the proper remedy, Judith's action is premature in that the gift-tax liability has not been finally determined, as, he alleges, the Internal Revenue Service has until April 15, 1993, to contest the valuation of the gift-tax return. Without a final determination by the IRS, according to Guy, the principal amount he owes under Paragraphs 3 and 4 (the difference between $900,000 and the actual gift tax) is unknown and interest cannot be calculated.

We conclude that Judith's action is not premature. The parties' agreement contemplates the calculation of the balance due once the gift-tax liability is incurred and payment due. The agreement makes no mention that payment should be delayed until time expires for the Internal Revenue Service to contest the gift-tax valuation.

4. Having decided that the parties' agreement required the payment of interest on the disputed amount, that contempt is a proper remedy, and that Judith's contempt action is not premature, the action must now be remanded to the trial court for it to determine whether, under the circumstances of this case, Guy Millner's refusal to pay the interest constituted contempt of court.

*Judgment reversed and case remanded, with direction. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge James H. Weeks, concur; Weltner, J., not participating.*

DECIDED OCTOBER 31, 1990.

*Pettigrew & Trippe, David R. Trippe,* for appellant.
*Westmoreland & Hall, Harry P. Hall,* for appellee.