A90A2183. SMALLWOOD v. MULKEY.
(402 SE2d 99)

SOGNIER, Chief Judge.

Frances T. Mulkey petitioned the Superior Court of Dawson County for an order adjudging Robert D. Smallwood in contempt for his intentional failure to abide by a previous order of that court. The trial court entered such an order, and Smallwood appeals.

The contempt order recites that the matter had previously come before the court on appellee's motion to enforce a settlement agreement arrived at between the attorneys for the parties in the presence of their respective clients in open court. The contempt order also recites that a previous lawful order was entered on that motion, in which appellant was ordered to comply with the settlement agreement. The contempt order shows that the trial court heard evidence and argument, and found that appellant had not complied with the terms of the previous order, and that his conduct was both "wilful and contemptuous."

Appellant contends the trial court erroneously held him in contempt, since before the appearance on his behalf in open court at which the settlement agreement originally was negotiated, his attorney had neither entered a formal appearance on his behalf nor signed any pleading pursuant to USCR 4.2, and thus was not an "attorney of record" with apparent authority to enter into a settlement agreement on appellant's behalf under USCR 4.12. We need not address the merits of this argument (although we note that appellant was present when the settlement was purportedly negotiated), because no evidence supports appellant's assertion other than his bare allegation, as no transcript appears in the record. In his notice of appeal appellant requested transmittal of a transcript, but this court has ascertained that no transcript exists, and the parties have failed to produce a transcript from recollection or stipulation as provided by OCGA § 5-6-41 (g), (i). There being a presumption in favor of the regularity of proceedings in courts of competent jurisdiction, we thus must assume that the trial court's findings are supported by sufficient competent evidence. *Siegel v. General Parts Corp.*, 165 Ga. App. 339, 340 (2) (301 SE2d 292) (1983). The facts as found by the trial court support

an adjudication of contempt. Id.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 5, 1991.

*L. Eddie Benton, Jr.*, for appellant.

*Thompson, Fox, Chandler & Homans, David A. Fox*, for appellee.