A91A1749. MOSS v. PROTECTIVE LIFE INSURANCE
COMPANY.
(417 SE2d 340)

Birdsong, Presiding Judge.

Patrina Moss appeals from the grant of summary judgment to Protective Life Insurance Company in her action to collect on a group accidental death insurance policy insuring her deceased husband, Sanford Moss. She contends summary judgment was not authorized because genuine issues of material fact existed about whether her husband's death was accidental.

Protective Life's motion for summary judgment asserted Sanford Moss' death was not accidental and the motion was supported with the deposition testimony of two police officers stating that they had to shoot and kill Sanford Moss because he fired at them and wounded one of the officers. Patrina Moss' response contended that notwithstanding this testimony, issues of fact existed on whether Sanford Moss opened a door quickly, whether he was ordered to drop his weapon, and whether excessive force was used. She also contended that Sanford Moss could not appreciate the consequences of his actions because he was intoxicated with a blood alcohol content of .27 grams percent. The trial court, however, found these matters were not material and granted summary judgment to Protective Life. *Held*:

The question presented is whether a triable issue exists on whether Sanford Moss' death was accidental. Although the policy defines neither accident nor accidental death, Georgia law defines an accident as "an event which takes place without one's foresight or expectation or design." OCGA § 1-3-3 (2). Further, to recover under a policy such as this one, it must be shown that Sanford Moss' death was the result of an unforeseen, unexpected, or unusual act. *Green v. Metropolitan Life Ins. Co.*, 67 Ga. App. 520, 525 (21 SE2d 465). If Sanford Moss was killed while the aggressor in an assault and he knew or should have known that he might be killed as a result, his death was not accidental. *Drew v. Life Ins. Co.*, 170 Ga. App. 147, 151 (316 SE2d 512); *Metropolitan Life Ins. Co. v. Anglin*, 66 Ga. App. 660 (19 SE2d 171). In these instances, the test focuses on whether he should have appreciated he was putting his life in hazard. *Carolina Life Ins. Co. v. Young*, 99 Ga. App. 848 (110 SE2d 67).

The police officers are the only remaining witnesses to the events surrounding Sanford Moss' death. While Patrina Moss can testify about events occurring before the two police officers arrived and about what she heard later, the two police officers are the only surviving witnesses to the actual events resulting in Sanford Moss' death. The officers' depositions show they arrived in uniform at the Moss home in response to a call from Patrina Moss, and after they arrived, one of the officers spoke with Sanford Moss through a closed door. She identified herself as a police officer and asked him to come out. Sanford Moss replied, in effect, that he would come out when he was dressed.

Although nothing in the officers' depositions or Patrina Moss' deposition shows there was any hostility between the officers and Sanford Moss, or any other reason for his action, Sanford Moss suddenly came out of the room holding a .357 magnum pistol, loaded with hollow point ammunition, and immediately shot one of the officers. Thereafter Sanford Moss turned and fired a second shot at the other officer; he was then killed by return fire from the two officers. The record shows, without contradiction, that Sanford Moss fired first and that the wounded officer's pistol had not left his holster when he was shot. This officer escaped serious injury or death because he was wearing a protective vest. Further, the transcript of the coroner's inquest shows the police investigation of the shooting, including the physical evidence at the scene, and the testimony of the medical examiner who conducted the autopsy of Sanford Moss, confirmed the officers' testimony. The record contains no facts either explicitly explaining Sanford Moss' actions, or from which an explanation could be inferred.

Whether Sanford Moss appreciated or expected that shooting at two police officers reasonably would result in his death by return fire is usually a question for the jury. *Drew v. Life Ins. Co.*, supra at 151; *Prudential Ins. Co. v. McLellan*, 76 Ga. App. 126, 132 (44 SE2d 915). Nevertheless, issues which are usually decided by the jury, "may be decided by the court in plain and palpable cases where 'reasonable minds cannot differ as to the conclusion to be reached.' [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491, 493 (405 SE2d 474). This is such a case.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there

is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial." Id. at 491.

To collect on this accidental death policy, Patrina Moss would have the burden of proving at trial that the acts causing Sanford Moss' death were accidental, i.e., unforeseen, unexpected, or unusual. *Liberty Nat. Life Ins. Co. v. Morris*, 132 Ga. App. 631, 642 (208 SE2d 637). Since the matters supporting Protective Life's motion showed that Sanford Moss' death was the direct result of his unprovoked assault upon two armed police officers, Patrina Moss was obligated to respond to Protective Life's motion with credible evidence sufficient to show there was still a substantial issue of material fact on whether his death was unforeseen, unexpected, or unusual. Since Protective Life would not have this burden at trial, on motion for summary judgment it does not have the burden of affirmatively disproving this part of Patrina Moss' case. Its burden can be discharged by showing the absence of evidence supporting Patrina Moss' case. Since Protective Life has done so, she must point to specific evidence showing a triable issue. *Lau's Corp. v. Haskins*, supra.

Patrina Moss, however, has not shown any credible evidence creating a triable issue. The issues she attempts to create are based upon conjecture and not fact. For example, although she seeks to rely on issues considered in *Prudential Ins. Co. of America v. McLellan*, supra, the same issues are not presented here. This record shows Sanford Moss was the aggressor who fired first and without provocation, and there was no evidence suggesting that he was defending himself as in *McLellan*. The evidence supporting Protective Life's motion for summary judgment and the other materials on file, without contradiction, show that, after speaking calmly with the police officer in a non-confrontational manner, Sanford Moss fired his .357 magnum pistol striking the first officer and then moved to where he could fire a shot at the other officer.

Moreover, as there is no evidence showing Sanford Moss did not intend to assault the police officers or that he had any reason to believe they would not return fire, merely showing he had a .27 grams percent blood alcohol level is not sufficient to create a triable issue. To create a triable issue there must be some evidence showing or from which one could infer that Sanford Moss was so drunk that he was unable to know, understand or intend to assault the officers. *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 882 (285 SE2d 566). There was none. Additionally, the evidence showed Sanford Moss drank heavily every night and other evidence showed that those who drank heavily could function better with a .27 gram blood alcohol level than those unaccustomed to drinking such amounts. Further, there was no evidence to support an inference that because

of this blood alcohol level Sanford Moss could reasonably have expected or anticipated that the two police officers would not protect themselves by shooting back. In any event, as the evidence showed Sanford Moss was voluntarily intoxicated, he is held to the same standard as a sober person. *Shuman v. Mashburn*, 137 Ga. App. 231, 234 (223 SE2d 268). Patrina Moss' suggestion that someone must have put something in her husband's drink is mere conjecture which is not supported by facts in the record.

Although appellant might wish to raise some issue that the assault on the police officers resulted from some mental condition, there is simply no evidence Sanford Moss was suffering from any mental condition, and particularly no evidence he was suffering from such a mental condition which would have deprived him of his capacity to understand that shooting at armed police officers would result in them defending themselves with deadly force. See *State Auto. Mut. Ins. Co. v. Gross*, 188 Ga. App. 542, 543 (373 SE2d 789).

The opinions of this court and our Supreme Court in *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377, 379 (364 SE2d 62) and 258 Ga. 276 (368 SE2d 509) do not require a different result. The *Morgan* opinions concerned an intentional acts exclusion in a homeowner's insurance policy on which the insurance company bears the burden of proof at trial, and there was apparently evidence creating material issues of fact on the deceased's subjective intention. Those factors are not present in this appeal.

Accordingly, "summary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, supra at 495. Here, as there is no credible evidence showing that Sanford Moss was not the aggressor or that there was any reason why he would not expect that the police would not respond to his attack by using their own deadly weapons to defend themselves, "the trial court did not err in finding insufficient credible evidence to create a substantial issue of material fact." *Roe v. State Farm Fire &c. Co.*, 259 Ga. 42 (376 SE2d 876).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED FEBRUARY 25, 1992 —
RECONSIDERATION DENIED MARCH 16, 1992 —

*Clarence L. Martin,* for appellant.
*Miller, Simpson & Tatum, John M. Tatum, Robert A. Lewallen,*

*Jr.*, for appellee.

