## S94A1288. PERRY v. PERRY.

(454 SE2d 122)

BENHAM, Presiding Justice.

Appellant/former wife filed an action in August 1991 seeking to hold appellee/former husband in contempt for having failed to perform the financial obligations imposed upon him by the parties' 1988 judgment of divorce. When appellee filed a bankruptcy action and the bankruptcy court issued a stay order, the contempt action was continued until December 1993. After holding a hearing in January 1994, the trial court determined that appellee was not in contempt; that appellee had reasonably relied on the divorce judgment in reducing the amount of child support due; and that appellee was responsible for one-half of the children's uninsured medical and dental expenses.

We granted appellant's application for discretionary review of the trial court's order.

1. The parties were divorced in Camden County, Georgia in 1988. In a separation agreement incorporated into the divorce decree, the parties agreed to joint custody of their three minor children, with each party having physical custody of the children on an alternating weekly basis as long as both parties lived in the Camden County area. The parties provided that the children would live with appellant if either party moved out of the area. Child support was treated as follows:

> Husband shall pay to the Wife child support in the amount of $333.00 per month per child until said child reaches the age of majority, marries, enters the Armed Services, ceases to live with the Wife, becomes self-supporting, or dies, whichever event shall first occur . . . In the event Husband should voluntarily reject the joint custody of the child and not have the children reside with him on an alternating weekly basis as provided [in the separation agreement], then the child support payment obligation of the Husband referred to herein shall be increased by the amount of twenty-five percent for each child.

2. When appellant moved from Georgia to California in late summer/early fall 1989, the children stayed with appellee until January 1990, when they also moved to California. The children returned to Georgia for the summer of 1990, and remained with appellee until November 1990, when appellant moved to Mississippi. At that time, the two daughters joined appellant in Mississippi, and the son remained with appellee in Georgia. In January 1991, appellee reduced his monthly child support payment by one-third and did so until appellant moved to Marietta, Georgia, and the son returned to live with appellant in February 1992. Appellant contended that appellee was not authorized to reduce the monthly child support payment and was, in fact, obligated to increase the payments 25 percent per child because the parties were no longer alternating physical custody of the children on a weekly basis.

> Where, as here, the party obligated to make payments under a decree believes that circumstances have arisen which, under the decree, authorize [a decrease in] payments, but there are questions of fact in that regard, that party acts at his or her peril in unilaterally [decreasing] payments. By doing so, that party risks being found in contempt, or, at any rate, liable for all payments, if the other party chooses to file

a motion for contempt. The better practice would be for the party obligated to make payments to raise the issue in an action for declaratory relief.

*Kent v. Kent*, 265 Ga. 211 (2) (452 SE2d 764) (1995). The divorce decree's child support provision clearly provided for the possibility that one or more of the couple's three children might not reside with appellant during their entire minority, and that appellee would not be obligated for the support of that child upon such an occurrence. See *Pearce v. Pearce*, 244 Ga. 69, 70 (257 SE2d 904) (1979). Appellee's reduced payments covered only that period of time during which the couple's son was not living with his mother. The trial court correctly ruled that appellee was entitled to rely upon the self-executing downward modification of child support contained in the divorce decree. See *Weaver v. Jones*, 260 Ga. 493 (3) (396 SE2d 890) (1990).

The trial court's order did not address appellant's contention that appellee was in contempt for failing to abide by the self-executing upward modification contained in the divorce decree, i.e., that the child support payments would increase by 25 percent per child should appellee "voluntarily reject the joint custody of the children." The case is remanded to the trial court for consideration of that contention.

3. On behalf of the children, appellant incurred uninsured medical and dental expenses of $2,818 for orthodontia, eyeglasses, and contact lenses. Appellee refused to pay the bills, asserting he was not responsible for their payment under the divorce decree as he deemed the expenses "unnecessary."

With regard to the children's medical and dental care, the separation agreement provided:

> The Wife shall maintain medical and dental insurance coverage for the children to the extent that same is available through her employer. The Husband shall be responsible for costs not covered by insurance. The Husband has the responsibility to determine the necessity of any treatment. Provided, however, this shall not prevent the Wife from allowing emergency treatment for any purpose.

As stated above, the trial court determined that appellee was responsible for only one-half of the expenses.

"[A] trial judge in a contempt proceeding has no authority to modify the terms of a divorce and alimony judgment. [Cits.]" *Peppers v. Peppers*, 238 Ga. 411, 412 (233 SE2d 374) (1977). The terms of the divorce decree cannot be read as providing that appellee was responsible for payment of one-half of the medical and dental costs not cov-

ered by insurance. By so holding, the trial court impermissibly modified the terms of the divorce judgment in a contempt action. That portion of the trial court's judgment is vacated and remanded to the trial court for reconsideration. Anticipating that the issue on remand will focus on the provision that "Husband has the responsibility to determine the necessity of any treatment," we point out appellee, as a parent, has a statutory duty to provide for the maintenance of his children (OCGA § 19-7-2), which includes

> such health services as reasonably shall be required to maintain the child in good physical and mental health, and as reasonably shall be required to correct and ameliorate any dysfunction of mind or body . . . [Included therein are] those reasonable charges of professionals in generally recognized fields of health care . . . includ[ing], obviously, the reasonable cost of services reasonably required for the child's dental health, and the reasonable costs of providing corrective devices, such as eyeglasses, as reasonably shall be required by the child's optical needs.

*Stone v. Tillis,* 258 Ga. 17 (365 SE2d 110) (1988).

*Judgment affirmed in part, reversed and remanded in part. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Rountree & Souther, George M. Rountree,* for appellant.
*John S. Myers,* for appellee.

