A97A1516. McKINNEY v. ALEXANDER PROPERTIES GROUP, INC.

(491 SE2d 131)

McMURRAY, Presiding Judge.

Plaintiff Alexander Properties Group, Inc. d/b/a LaVista Crossing petitioned the State Court of DeKalb County for a dispossessory warrant, alleging that defendant Linda McKinney is plaintiff's tenant in possession who "fails to pay rent now due. . . ." Defendant timely answered, contending that she "did not receive a notice that [her] rent was past due [and that she] had a great problem with [her] new bank and checking acct." Also, she had "complained many times about [her] apartment not having enough heat. . . ." Defendant "appeared for [a bench] trial," after which the trial court granted the writ of possession and ordered defendant to pay $1,355 in accrued rent plus $150 court costs. In a supplemental order, effective "in the event of an appeal," the trial court ordered defendant to pay $1,875 into the registry of the court by the filing date and $625 by the fifth day of each month thereafter. This direct appeal followed. *Held*:

In her enumerations of error, defendant contends the trial court erred in granting monetary damages because the evidence showed that "the unit in question was not livable or up to code due to the lack of heat. . . ." Also, she urges the trial court further "erred in granting [plaintiff's] motion to evict for lack of proper notice. . . ." But each of these enumerations is dependent upon the evidence adduced at trial. There is no transcript of the bench trial and no attempt to employ a statutory substitute for a transcript.

We are "unable to consider the merits of [each] contention for there is no transcript of the proceedings below nor any attempt to recreate the record as contemplated by OCGA § 5-6-41 (g) and (i). In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings. OCGA § 5-6-41 (c). 'Thus, where the transcript is necessary(, as in the case sub judice,) and appellant omits it from the record on appeal (or fails to submit a statutorily authorized substitute), the appellate court must assume the judgment below was correct [as supported by the evidence] and [so] affirm. [Cits.]' *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16)." *Deen v. United Dominion Realty Trust*, 218

Ga. App. 443 (1), 444 (462 SE2d 384). In the case sub judice, due to the absence of a transcript or a statutorily authorized substitute, we must assume the evidence supported the determination that defendant received proper and adequate notice and further assume the evidence supported the $1,355 award of accrued rent. Consequently, these enumerations present nothing for review.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED AUGUST 8, 1997.

Linda McKinney, *pro se.*
*Russell D. Mays*, for appellee.