## S99A0088. KIRKENDALL v. DECKER.
(516 SE2d 73)

HINES, Justice.

We granted discretionary appeal to ex-husband Kirkendall, to consider the propriety of his being held in wilful contempt of a final judgment and decree of divorce for his failure to maintain a whole or term life insurance policy naming his ex-wife Decker as beneficiary. Because Kirkendall has failed to show that the superior court erred in determining that he was to maintain such life insurance and wilfully failed to do so, we affirm.

Kirkendall and Decker were divorced in 1987 after a 27-year marriage. The final judgment and decree, as amended,[1] recited that

---

[7] *Spearman v. State,* 267 Ga. 600, 601 (481 SE2d 814) (1997).

[1] In the two years following entry of the final judgment and decree, Kirkendall sought to modify his alimony obligation, and Decker obtained a judgment for more than $18,000 against Kirkendall and filed a garnishment action to collect the judgment. To resolve the litigation, in 1989 Kirkendall and Decker entered into a settlement agreement which modified

pilot Kirkendall had stipulated that he would maintain "life insurance . . . upon his life," which insurance he had through Delta Air Lines, Inc., in the face amount of $300,000, with Decker, and their son and daughter, each being the beneficiary of $100,000; the decree ordered that Kirkendall "make [Decker] the beneficiary on life insurance which he maintains through Delta Air Lines, Inc. in the face amount of [$100,000] and to maintain that coverage so long as he is required hereunder to pay alimony." In 1998, Decker filed an application for contempt alleging that Kirkendall was in violation of the order because he wilfully failed and refused to pay the ordered alimony and also failed to provide proof that he continued to maintain the required life insurance coverage. There was a history of litigation between the parties over Kirkendall's alleged noncompliance with the decree including at least one prior contempt action. Yet at the hearing on the present contempt petition, Kirkendall's attorney asserted, apparently for the first time, that at the time of the divorce the insurance Kirkendall carried through Delta was *accidental death insurance,* and therefore, under the court order Kirkendall was not required to maintain regular life insurance.

After considering the record and the statements and arguments of counsel,[2] as well as the record in the previous contempt action between the parties, the superior court rejected, inter alia, the assertion that Kirkendall was relieved from having life insurance with Decker as beneficiary. The court found Kirkendall in wilful contempt for his refusal to pay alimony and because his obligation to maintain life insurance was not met by maintenance of an accidental death and dismemberment policy. Kirkendall could purge himself of contempt by paying the past due alimony and by securing a life insurance policy (term or whole life) in the face amount of $100,000 naming Decker as beneficiary, and providing proof of it to Decker within 30 days.[3]

It is certainly true, as Kirkendall maintains, that a trial court may not modify the terms of a divorce and alimony judgment in a contempt proceeding. *Perry v. Perry*, 265 Ga. 186, 188 (3) (454 SE2d 122) (1995); *Peppers v. Peppers*, 238 Ga. 411, 412 (233 SE2d 374) (1977). However, in a contempt case, the trial court has wide discretion in determining whether court orders have been violated, and such determination will not be disturbed on appeal in the absence of an abuse of discretion. *Wrightson v. Wrightson*, 266 Ga. 493, 496 (4) (467 SE2d 578) (1996); *Davis v. Davis,* 250 Ga. 206, 207 (296 SE2d

the alimony provisions of the original decree.

[2] It was agreed that statements by Kirkendall's attorney reflected what Kirkendall himself would testify to. Kirkendall did not take the stand.

[3] This appeal deals only with the life insurance provision.

722) (1982). The court has the authority to interpret and clarify a court order. *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990). The inquiry is whether "the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." *Davis* at 207.

*Accidental death insurance* is distinct from *life insurance*, which is called for in the court order. See *Moss v. Protective Life Ins. Co.*, 203 Ga. App. 389 (417 SE2d 340) (1992); *Rainey v. Guardian Life Ins. Co. of America*, 168 Ga. App. 577 (309 SE2d 649) (1983). What is more, the obvious purpose in requiring Kirkendall to maintain the insurance coverage was to secure his obligation to pay periodic alimony to Decker. See *Hawkins v. Hawkins*, 268 Ga. 637 (491 SE2d 806) (1997). Such purpose would not be served by coverage triggered only in the event of Kirkendall's accidental death. Therefore, the court's determination is consistent with the apparent intention of the decree.

The court's order will stand for yet another reason; Kirkendall has failed to carry his burden in this appeal. Although Kirkendall's attorney related at the present contempt hearing that the insurance Kirkendall maintained through his employer Delta at the time of the decree was accidental death insurance, that does not end the inquiry. In reaching its decision the trial court expressly considered the record of the previous contempt proceeding, which Kirkendall has elected not to include in this appeal. In order for an appellate court to make a determination about the correctness of a judgment at issue, it is the appellant's duty to include in the record on appeal the items necessary for the appellate court to objectively review the evidence and proceedings giving rise to the judgment. *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116 (1) ( 511 SE2d 232) (1999); *McKinney v. Alexander Properties Group*, 228 Ga. App. 77 (491 SE2d 131) (1997). See also *Brown v. C & S Nat. Bank*, 245 Ga. 515, 518 (n. 4) (265 SE2d 791) (1980). Kirkendall has made no attempt to provide evidence of the prior contempt proceeding, nor made any reference to it in the appeal. In the absence of the relevant information, and there being a presumption in favor of the regularity of court proceedings, it must be assumed that the trial court's findings are supported by sufficient competent evidence and its judgment is thus affirmed. *Smallwood v. Mulkey*, 198 Ga. App. 496 (402 SE2d 99) (1991).

*Judgment affirmed. All the Justices concur, except Carley and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

The decree in question ordered Kirkendall to make Decker the beneficiary of life insurance "which he maintains through Delta Air Lines, Inc." It is undisputed that, at the time of the entry of the decree, the only "life insurance" policy which Kirkendall carried

through Delta was an accidental death policy. In my view, inasmuch as the decree did not require Kirkendall to maintain a *whole life* or *term life* insurance policy, the trial court erred in holding Kirkendall in contempt for failing to maintain such a policy. See *Perry v. Perry*, 265 Ga. 186, 188 (3) (454 SE2d 122) (1995) (trial court cannot modify terms of divorce and alimony judgment in contempt proceeding). See also *Chandler v. Ratcliffe*, 248 Ga. 700 (2) (285 SE2d 694) (1982) (divorce agreement cannot be interpreted to require husband to maintain greater life insurance benefits than those that were in effect at the time of the agreement); *Reeves v. Reeves*, 236 Ga. 209, 212 (2) (223 SE2d 112) (1976) (minor child's interest in insurance policy by virtue of divorce decree is limited to the insurance provided by the policy at the time of the entry of the divorce decree).

Nothing in the transcript indicates that the trial court considered the record in the previous contempt proceeding with regard to the insurance issue. In fact, the transcript makes it clear that the previous contempt proceeding had nothing to do with Kirkendall's obligation to maintain life insurance.[4] It cannot be said, therefore, that Kirkendall has failed to carry his burden in this appeal by failing to include the record of the previous contempt proceeding.

I would reverse the judgment of the trial court. Accordingly, I respectfully dissent. I am authorized to state that Justice Carley joins in this dissent.

DECIDED MAY 10, 1999 —
RECONSIDERATION DENIED JUNE 4, 1999.

*Paul R. Koehler,* for appellant.
*Melody Z. Richardson, Paula R. Miller,* for appellee.

---

[4] In the hearing below, Kirkendall's attorney pointed out, without contradiction, that the insurance policy issue was never raised in a prior contempt proceeding.