S10A1227. TANNER v. MORRIS.

(702 SE2d 167)

BENHAM, Justice.

Julie Morris and John Tanner were divorced on April 20, 2004. At that time, the parties had three minor children. In a settlement agreement incorporated into the final divorce decree, the parties made the following provision regarding child support:

> The Husband agrees to pay to the Wife as child support for the minor children of the parties the sum of Seven Hundred ($700) Dollars per month, per child. The Husband shall take the children as State and Federal tax deductions and the Wife shall make no claim on her State and Federal tax returns. Said sum shall be payable on the 1st day of each month and shall continue each month thereafter for so long as each child shall remain in high school and while also living at home with Wife prior to beginning college or other secondary education. For so long as each is in college or other secondary education, Husband's child support obligation shall continue until such child reaches the age of twenty-three (23) years, marries, dies, becomes self-supporting, or enters the Armed Services.

The final decree of divorce also provided for shared physical custody, but that Morris had primary physical custody of the three children[1] and ultimate decision-making authority.

In October 2005 the eldest child began living with Tanner. In July 2007, Tanner ceased making child support payments for the eldest child. Then, in May 2008, the middle child began living with Tanner, and Tanner stopped paying support for that child in January 2009. In July 2009, Morris formally requested Tanner to return the middle child to her custody. When the child was not returned, Morris filed an action for contempt.

At the contempt hearing, Tanner testified that Morris agreed to the decrease in child support payments for both children; however, Morris testified that she had not so agreed. Morris admitted, however, that she did not diligently seek the return of the eldest child, who is now eighteen or older, and that she did not seek back

---

[1] The parties do not dispute that Morris has primary physical custody.

child support for the eldest child. Upon hearing argument and considering evidence, the trial court adjudged that the total arrearage amount of $28,700 was due for both children, but, the trial court only held Tanner in contempt for the $8,400 owing in support for the middle child. The trial court also ordered the middle child be returned to the custody of Morris instanter and awarded attorney fees to Morris in the amount of $4,755.98. Tanner filed a discretionary application requesting appeal which this Court granted, posing the following questions to the parties: "Whether the trial court erred in finding that Mr. Tanner was in arrears in his child support payments for the parties' oldest child and their middle child. See *Perry v. Perry*, 265 Ga. 186, 187-188 (454 SE2d 122) (1995). If so, should the award of attorney fees be vacated?"

This Court has held that self-executing child support modification provisions in divorce decrees are lawful. *Perry v. Perry*, supra, 265 Ga. at 188 (2); *Weaver v. Jones*, 260 Ga. 493 (3) (396 SE2d 890) (1990); *Pearce v. Pearce*, 244 Ga. 69 (257 SE2d 904) (1979).[2] By including the language "while also living at home with Wife," the child support provision in this case was self-executing. *Perry v. Perry*, supra, 265 Ga. at 187 (provision that provided that husband would pay child support until child "ceases to live with the Wife" was self-executing). Inasmuch as our holding in *Perry*, supra, allows for the self-executing decrease of child support payments, it was error for the trial court to hold Tanner in contempt for relying on the self-executing provision in the parties' settlement agreement to reduce his support obligation when he had Morris's consent to allow the children to live with him. See also *Daniel v. Daniel*, 239 Ga. 466 (2) (238 SE2d 108) (1977) (father not in contempt for failure to pay child support during the months the children lived with him per consent of the mother). Because Tanner properly relied on the language of the parties' child support agreement as to the eldest child, the trial court erred in holding that Tanner was obligated to pay the arrearage for the eldest child. Therefore, the trial court's judgment is reversed in that respect.

Tanner's failure to return the middle child when asked by Morris, who had the ultimate decision-making authority, warranted a ruling of contempt. Thus, the trial court did not err when it ordered the return of the middle child to Morris; however, the arrearage amount should be from the time Tanner lost Morris's consent to keep the middle child. Therefore, to affect the contempt for the

---

[2] Self-executing change of *custody* provisions are not lawful in cases where the child is younger than 14 and unable to exercise a statutory right to choose his/her custodial parent. *Scott v. Scott*, 276 Ga. 372 (578 SE2d 876) (2003) ("automatic custody change provision was not . . . permissible . . . and should be stricken from the parties' divorce decree").

non-return of the child, the portion of the order requiring appellant to pay $8,400 is vacated and the case is remanded to determine the amount in arrears from the time Tanner no longer had Morris's consent to keep the child until the date the child was returned to Morris.[3] In addition, the attorney fee award should be vacated and the amount reconsidered consistent with this opinion.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Patrick S. Ferris*, for appellant.
*Walters, Pujades & Walker, Thomas E. Pujades*, for appellee.

---

[3] Tanner's last allegation concerning the propriety of the trial court's order on due process grounds is moot.