S97A0388. SMITH et al. v. GWINNETT COUNTY.
(486 SE2d 151)

THOMPSON, Justice.

Gwinnett County brought suit against C. W. Smith, Grady Smith, and Smith's Lake Corporation, to enjoin defendants from engaging in any construction activity on property known as Freeman Lake. Following a hearing, the trial court issued a preliminary injunction, enjoining defendants from "grading, excavating, repairing the dam, cutting, destroying, or otherwise harming any of the trees or vegetation located on the [Freeman Lake] property . . . until such time as the defendants receive a land disturbance permit from Gwinnett County."

One month later, the County moved to have defendants held in civil and criminal contempt of the preliminary injunction, asserting that they "have continued to dump dirt, concrete, and debris in order to raise the grade of certain portions of the [Freeman Lake] property" and to commercially develop the property in violation of the "letter and spirit" of the preliminary injunction. The County also moved to compel discovery, alleging that both C. W. Smith and Grady Smith failed to attend their scheduled depositions. Before these matters were heard, the parties entered into a consent order, which reads, in part, as follows:

> [T]he parties having reached a settlement with regard to all issues involved in the motion to compel and motion for contempt, and the parties having announced such settlement to the court, it is hereby ordered that the defendants shall retain a licensed engineer knowledgeable in the field of dam reconstruction within two weeks of the date of entry of this order. The defendants will direct the engineer . . . to render a report concerning the safe reconstruction of the Freeman Lake Dam in accordance with engineering standards . . . [and to set forth] his or her instructions for the safe repair of the dam within thirty (30) days of being retained by the defendants. It is further ordered that within thirty (30) days of the engineer's issuance of such report, the

defendants shall commence the repair of the Freeman Lake Dam so as to accomplish the restoration of Freeman Lake. . . ."

Weeks later, the County moved to have defendants held in contempt of the consent order, alleging they failed to repair the dam and restore the lake. The County added that the lake constituted a nuisance and posed health risks to neighbors. Before the matter was heard, the County amended its motion, asserting defendants should also be held in contempt of the preliminary injunction because they cleared, graded and excavated a portion of the property "which is completely unrelated to the repair of the Freeman Lake dam."

Evidence presented at the hearing demonstrated that defendants graded the land and cleared trees in a buffer area apart from the dam without obtaining a land disturbance permit. It also demonstrated that, when confronted with their conduct, defendants took the position that they could do what they wanted to do with their property.

The trial court found defendants in criminal contempt of the preliminary injunction and ordered C. W. Smith and Grady Smith to be incarcerated for 20 days and to each pay a $500 fine. In addition, the trial court took control of the Freeman Lake property pursuant to its equitable powers. In this regard, the trial court directed the County to restore the lake to its original condition, repair the dam and buffers, and "assess any and all reasonable costs . . . against the defendants." Defendants appeal.

1. In their first enumeration of error, defendants assert the trial court erred in finding them in criminal contempt of the preliminary injunction. In this regard, defendants posit that the preliminary injunction was superseded by the consent order and that, therefore, it was no longer in effect. We disagree.

The preliminary injunction enjoined defendants from repairing the dam, as well as from commercially developing the Freeman Lake property. Although a fair reading of the consent order demonstrates that the parties settled their differences concerning the motion to compel and motion for contempt, and that defendants were no longer enjoined from repairing the dam, it cannot be read as permitting defendants to resume the commercial development of the property. On the contrary, the consent order makes it clear that defendants' obligation to restore the lake remained in force. To say that, by virtue of the consent order, defendants were no longer enjoined from destroying the surrounding property defies the plain language of the consent order — and common sense. "It is the spirit more than the letter of the injunction to which obedience is required." *Patten v. Miller*, 190 Ga. 152, 159 (8 SE2d 786) (1940). Besides, defendants

were bound to obey the preliminary injunction at their peril. They could not rely on their own interpretation of the consent order. If they were in doubt as to what they could or could not do without violating the preliminary injunction, they should have sought a modification or construction of its terms. *General Teamsters Local 528 v. Allied Foods*, 228 Ga. 479, 481 (186 SE2d 527) (1971); *Warner v. Martin*, 124 Ga. 387, 391 (2) (52 SE 446) (1905).

The evidence authorized the trial court to find defendants guilty of criminal contempt beyond a reasonable doubt. *In re Crane*, 253 Ga. 667, 669 (2) (324 SE2d 443) (1985).

2. The injunction does not give rise to an inverse condemnation of the Freeman Lake property. The trial court merely took control of the property to repair the dam and restore the lake. It did not work a destruction of defendants' private property without just and adequate compensation. Compare *Lamar Advertising v. City of Albany*, 260 Ga. 46, 47 (389 SE2d 216) (1990).

3. The trial court did not exceed its powers in ordering the County to repair the dam and restore the lake at defendants' expense. "Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter." *Fuller v. Dillon*, 220 Ga. 36 (1) (f) (136 SE2d 733) (1964); OCGA § 23-1-7.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1997 —
RECONSIDERATION DENIED JULY 11, 1997.

*Harrison & Harrison, G. Hughel Harrison,* for appellants.
*Caryl B. Sumner, Michael V. Stephens II, Karen G. Thomas,* for appellee.