## S98A1959. SMITH v. GWINNETT COUNTY.
(510 SE2d 525)

CARLEY, Justice.

When C.W. and Grady Smith and Smith's Lake Corporation (the Smiths) began to develop their property without obtaining the requisite permits, Gwinnett County brought suit to enjoin them from further construction activity. The trial court entered a preliminary injunction. After subsequently finding that the Smiths were in criminal contempt of that order, the trial court took control of the property pursuant to its equitable powers and ordered the County to restore the property to its original condition, with the reasonable costs of that restoration to be assessed against the Smiths. The Smiths appealed, and this Court affirmed. *Smith v. Gwinnett County,* 268 Ga. 179 (486 SE2d 151) (1997). Thereafter, the trial court entered a permanent injunction and a final order as to the reasonable and nec-

---

essary expenses of restoration. When the Smiths did not pay the amount of expenses assessed, the trial court entered a joint and several judgment against them, and appointed a receiver to take control of the property and sell it. It is from these orders that the Smiths bring this appeal.

1. The Smiths urge that the trial court's exercise of jurisdiction over the property violates the United States and Georgia Constitutions. The trial court originally took only the control of the property for the limited purpose of insuring its restoration. *Smith*, supra at 181 (2). The trial court was authorized to assess the restoration expenses against the Smiths. *Smith*, supra at 181 (3). When the defendants did not pay those expenses, it was permissible to levy on their property to satisfy the judgment against them. See OCGA § 9-12-80. Thus, the County did not take the property in violation of the constitutional requirement of payment of just and adequate compensation. The court ordered a levy on the property in order to satisfy a valid personal judgment which the County obtained against the Smiths.

2. Although the Smiths urge that it was error to allow television coverage of the proceedings without their consent, their consent was not a prerequisite to the trial court's decision in that regard. OCGA § 15-1-10.1 (b) (2) provides that the consent or objection of the parties or witnesses is but one factor for the trial court to consider in making its discretionary determination. Even assuming that the Smiths may have objected, they make no showing that, considering the other enumerated factors, it was an abuse of discretion to allow coverage or that, if it was, the error was harmful to them.

3. The Smiths contend that the permanent injunction is contradictory and confiscatory. A review of the order shows, however, that it is neither, and that it complies with the statutory requirement that an injunction be specific in its terms. OCGA § 9-11-65 (d).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Harrison & Harrison, G. Hughel Harrison,* for appellants.
*Karen G. Thomas, M. Van Stephens II, Caryl Sumner,* for appellee.