S99A0501. SMITH et al. v. GWINNETT COUNTY.
(516 SE2d 531)

CARLEY, Justice.

This is the third appeal arising from litigation between the Smiths and Gwinnett County concerning the destruction of the dam on the Freeman Lake property. In *Smith v. Gwinnett County*, 268 Ga. 179 (486 SE2d 151) (1997) (*Smith* I), we affirmed the trial court's grant of a preliminary injunction barring the Smiths from undertaking any further construction activity on the property, its subsequent finding that the Smiths were in criminal contempt of the injunction, and its eventual order that the County restore the property at the Smiths' expense. In *Smith v. Gwinnett County*, 270 Ga. 424 (510 SE2d 525) (1999) (*Smith* II), we affirmed the trial court's grant of a permanent injunction, its entry of a personal judgment against the Smiths for the costs of restoration, and its appointment of a receiver to take control of the property and sell it. This appeal is from an order denying the Smiths' motion, filed during the pendency of *Smith* II, for permission to drain the lake.

The Smiths urge that denial of the authority to drain the lake results in an unconstitutional taking of their property without payment of just and adequate compensation. The preliminary injunction

did not constitute a taking of the Smiths' property, since the trial court took control only for the limited purpose of overseeing repair of the dam and restoration of the lake. *Smith* I, supra at 181 (2). The subsequent levy on the property was for the purpose of satisfying a valid personal judgment which the County obtained against the Smiths for the costs of restoration. *Smith* II, supra at 425 (1). Thus, there has been no taking of their "property in violation of the constitutional requirement of payment of just and adequate compensation." *Smith* II, supra at 425 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999.

*Harrison & Harrison, G. Hughel Harrison,* for appellants.
*Karen G. Thomas, Michael V. Stephens II,* for appellee.