A02A0602, A02A0603. SMITH v. GWINNETT COUNTY (two cases).
(568 SE2d 712)

MIKELL, Judge.

In these companion cases, C. W. Smith appeals from the trial court's grant of summary judgment to Gwinnett County in both cases

---

on the grounds of res judicata. Smith argues in several enumerations of error that the doctrine of res judicata does not apply. He also challenges the trial court's award of attorney fees to Gwinnett County. We affirm.

C. W. Smith was the owner of a parcel of land known as Freeman Lake, which is located in Gwinnett County. This case began in 1995 when Gwinnett County filed a petition for a temporary restraining order, an interlocutory injunction, and a permanent injunction against Smith, Smith's Lake Corporation, and Grady Smith, the appellant's brother, to prevent them from attempting to repair the Freeman Lake Dam without first obtaining the required engineering studies and land disturbance permits. The temporary restraining order was granted and then converted to an interlocutory injunction. During discovery, a consent order was entered wherein the defendants agreed to retain a licensed engineer to issue a written report addressing the safe reconstruction of the dam. Further, the order stipulated that the repair work should begin within 30 days after the report was issued. More than six months later, the trial court found that the defendants had engaged in activities which violated the injunction and had not complied with the consent order. These activities included intentionally rupturing a sewer connection, about which the appellant complains in the instant appeal. The court ordered the county to take control of the property to repair the dam and restore the lake within 90 days and to assess all costs incurred in doing so against the defendants.

The defendants appealed the trial court's order to our Supreme Court. In *Smith v. Gwinnett County*, 268 Ga. 179 (486 SE2d 151) (1997), the Court held that "[t]he injunction [filed by Gwinnett County did] not give rise to an inverse condemnation of the Freeman Lake property. The trial court merely took control of the property to repair the dam and restore the lake. It did not work a destruction of defendants' private property without just and adequate compensation." Id. at 181 (2). Further, "[t]he trial court did not exceed its powers in ordering the County to repair the dam and restore the lake at defendants' expense. Where equity acquires jurisdiction for any purpose it will retain jurisdiction to give full and complete relief, whether legal or equitable, as to all purposes relating to the subject matter." (Citations and punctuation omitted.) Id. at 181 (3).

Next, the trial court entered a final order requiring the defendants to pay the costs associated with the restoration of the lake totaling $544,889.89. The order permanently enjoined the defendants from engaging in further construction activity on the property, except with good cause shown to the court. In its order, the court warned that the failure to pay the judgment would result in its enforcement through the appointment of a receiver to take control of

and sell the property. After the defendants refused to pay the judgment, a receiver was appointed. The defendants again appealed to our Supreme Court. In *Smith v. Gwinnett County*, 270 Ga. 424 (510 SE2d 525) (1999), the Court held,

> The trial court originally took only the control of the property for the limited purpose of insuring its restoration. The trial court was authorized to assess the restoration expenses against the Smiths. When the defendants did not pay those expenses, it was permissible to levy on their property to satisfy the judgment against them. Thus, the County did not take the property in violation of the constitutional requirement of payment of just and adequate compensation. The court ordered a levy on the property in order to satisfy a valid personal judgment which the County obtained against the Smiths.

(Citations omitted.) Id. at 425 (1). The property was sold at a public auction for $590,000, and the court approved the sale.

Within a week after the receiver filed the deed consummating the sale, Smith filed four actions in state court, two of which are involved in these appeals, both alleging inverse condemnation. Specifically, in one action Smith alleged that Gwinnett County unlawfully granted two sewer easements without compensating him, and in the other, that the county unlawfully limited his use of his property. Gwinnett County successfully moved for summary judgment in those actions and for attorney fees and expenses. Smith now appeals the trial court's grant of summary judgment in both cases and the award of $1,562.50 in attorney fees and costs.

1. "The doctrine of res judicata involves prior litigation by the same parties on the same subject matter in a court of competent jurisdiction as to all issues which were raised or which could have been raised." (Citations and emphasis omitted.) *Pope v. City of Atlanta*, 240 Ga. 177, 179 (1) (240 SE2d 241) (1977). The parties involved herein are the same as those involved in the appeals to our Supreme Court. As Smith argues in the instant appeals, he argued to our Supreme Court that the county's exercise of jurisdiction over his property constituted an unlawful taking without just compensation. We are cognizant of the Fifth Amendment's prohibition against the taking of private property by the government without just and adequate compensation. However, as these issues have already been decided by a court of competent jurisdiction, we are barred from further consideration of them by the doctrine of res judicata. See OCGA § 9-12-40.

2. Similarly, we are also barred from considering Smith's argument that he should have been compensated for the diminution in

value for the sewer easements on the property and the cost for the sewer repair, which was assessed against the defendants as a part of the total repair cost. Pursuant to OCGA § 9-12-40, which codified Georgia's common law of res judicata, "one must assert all claims for relief concerning the same subject matter in one lawsuit and any claims for relief concerning that same subject matter which are not raised will be res judicata." (Emphasis omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 458 (3) (b) (405 SE2d 678) (1991). The county's right to take control of the property to repair and restore it included the repair of sewer taps on the property. As this issue was a matter for decision in the earlier proceedings, it is res judicata and cannot now be raised.

3. The trial court awarded attorney fees in the amount of $1,562.50 to Gwinnett County pursuant to OCGA § 9-15-14 (a) and/or (b), having found Smith's action "vexatious and frivolous." OCGA § 9-15-14 (a) provides for the recovery of attorney fees and expenses against a party where that party's claim, defense, or position is not based upon any justiciable issue of law or fact. OCGA § 9-15-14 (b) provides for such recovery where a party's action lacked substantial justification, was interposed for delay or harassment, or the party or his counsel unnecessarily expands the proceeding by other improper conduct.

OCGA § 9-15-14 (a) provides for a mandatory award, which is reviewed on appeal utilizing the "any evidence" rule, while OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion. *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987). In this case, the actions were brought after Smith no longer owned the property. Thus, his position was not based upon any justiciable issue of law or fact and lacked substantial justification. The trial court awarded Gwinnett County attorney fees based upon an hourly rate of $125, and counsel submitted an affidavit showing that he worked 12.5 hours on the state court actions. Under OCGA § 9-15-14 (a) and (b), the evidence supports the trial court's award.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED APRIL 18, 2002 —
RECONSIDERATION DENIED JULY 16, 2002 — ▮▮▮▮▮

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellant.

*Michael V. Stephens II, Karen G. Thomas*, for appellee.