27407.  ROBERTS v. ROBERTS.

SUBMITTED SEPTEMBER 13, 1972—DECIDED NOVEMBER 9, 1972.

*Hutcheson, Kilpatrick, Watson, Crumbley & Brown, John L. Watson, Jr.,* for appellant.

*Long & Siefferman, Calhoun A. Long,* for appellee.

MOBLEY, Chief Justice. Mrs. Nettie Roberts brought a petition for contempt against her former husband, Larkin W. Roberts, alleging that the final judgment and decree in the divorce action between the parties required him to keep in effect hospitalization insurance for her benefit equal to that he had in force at the time of the divorce decree; that he has failed to carry any hospitalization insurance for her benefit; and that she has incurred hospital expenses of $401.25, which would have been paid by the insurance in effect on the date of the final judgment and decree.

After a hearing the judge found the former husband in contempt, and provided that he might purge himself by paying the sum of $401.25 to his former wife within 30 days; otherwise that he would be incarcerated in jail until he purged himself by paying the sum stated. The appeal is from this judgment.

The provision of the alimony decree involved here was as follows: "The defendant shall keep in effect live [life?], health, accident, and hospital insurance, equal to what he now has in force for the benefit of plaintiff and said minor children."

The evidence shows without contradiction that: At the time of the divorce the appellant was employed by Eastern Air Lines and on that date there was a group policy of insurance carried by Eastern Air Lines to cover the legal dependents of its employees. This policy covered the type of operation which the appellee had. No part of the cost of the group policy was paid by the appellant. When the parties were divorced, the policy by its terms ceased to cover the appellee, and there was no way that the appellant could obtain coverage for his divorced wife under this policy.

The point for decision in this case is whether the alimony decree required the appellant to purchase a hospitalization policy for the appellee with coverage equal to that which was provided by Eastern Air Lines when she was his legal wife.

While a decision on this question is not without difficulty,

we think that the better view of the language of the order is that it was intended that the husband replace any hospitalization insurance in effect at the time of the decree with insurance equal in coverage, and since the insurance provided by his employer no longer covered the wife after the divorce decree, the order required that he obtain equivalent coverage for her.

Hospitalization insurance for the wife is an element of support, and is alimony. Compare *Tilly v. Canedy,* 217 Ga. 63 (121 SE2d 144). A decree for alimony may be enforced by attachment for contempt whether or not there are special words of command in the order. *Goodrum v. Goodrum,* 202 Ga. 135 (2) (42 SE2d 450); *Wilson v. Chumney,* 214 Ga. 120 (1) (103 SE2d 552); *Robbins v. Robbins,* 221 Ga. 627 (1) (146 SE2d 628).

The husband did not contend that he was financially unable to purchase hospitalization insurance, or to pay the hospital indebtedness of his former wife.

The trial judge found that since the husband had not purchased hospitalization insurance as required by the alimony decree, he had become a "self-insurer" as to the hospital indebtedness of the appellee, and required that he pay this indebtedness in order to purge himself of contempt. This was a reasonable method of discharging the obligation imposed by the alimony decree, which he had wilfully refused to discharge.

*Judgment affirmed. All the Justices concur.*