## 28738. GEORGE v. GEORGE.

SUBMITTED MARCH 18, 1974 — DECIDED JUNE 18, 1974.

*W. M. Mathews, Jr.,* for appellant.
*Jack B. McNeil, Mildred L. Kingloff,* for appellee.

GRICE, Chief Justice.

This appeal is from a judgment of the Superior Court of Fulton County adjudging the appellant Thomas H. George to be in wilful contempt of court for failure to comply with certain terms of a consent order dated

November 17, 1970, providing for the payment of temporary alimony, and allowing him to purge himself by paying to the appellee Sadie Vail George the sum of $4,725.

The consent order awarded fee simple title to the appellee in certain real property located at 1427 Lavender Drive, N. W., Atlanta, Georgia. It ordered the appellant to execute a warranty deed to her to the property; to pay to her as temporary alimony the sum of $125 per month, beginning with the signing of the order and to be applied against the first and second mortgages on the property, until further order; and it also ordered him to pay her attorney fees in the amount of $350.

On June 19, 1973, a judgment awarding the appellee a divorce and permanent alimony was entered. The appellant filed a timely motion for new trial, which has apparently never been ruled upon.

A previous appeal to this court from a judgment filed June 27, 1973, involving the same real property, was dismissed as not appealable. *George v. George,* 231 Ga. 296 (201 SE2d 418).

At the hearing on the contempt judgment here appealed, the trial judge took judicial notice of evidence presented at the divorce trial, at which he presided, in regard to the appellant's assets, physical condition and general ability to pay alimony; heard evidence relating to these matters which had arisen in the six-month period subsequent to the divorce trial; admitted testimony as to the market value and rental value of the Lavender Drive property; and considered the record and transcripts of all prior proceedings.

The appellant swore that he had not deeded the property to his wife; that he had made the $125 monthly payments to the holders of the first loan and the second loan secured by the property rather than to the appellee, beginning as of the date of the consent order through May of 1973, for a total of 31 payments aggregating $3,875, but that he had not paid for the months of June through September, a total of four payments aggregating $500.

At the conclusion of the hearing, the trial judge ruled in essence as follows: that the appellant was in arrears and due the appellee the sum of $500 for the

mortgage payments; that the consent order required him to execute to her a warranty deed to the Lavender Drive property; that this property therefore belonged to the appellee under the consent order, but that it appeared from the testimony of the appellant that he had remained in possession of it since the date of the consent order; that it appeared further from the evidence that the fair rental value of the property was $125 a month; and that the appellant had paid nothing on the $350 attorney fees due under the consent order and the total sum was past due.

The court thereupon found the appellant to be in wilful contempt for his failure to abide by the consent order of November 17, 1970 (filed January 28, 1971). It permitted him to purge himself by paying $4,375 due the appellant and the $350 attorney fees, totaling $4,725. It further found that although the appellant was indebted to the appellee in the amount of $500 for the mortgage payments, he was not in wilful contempt as to that sum.

The appellant enumerates as error the above order, specifying the following rulings contained therein: (1) the trial court's taking judicial notice of evidence adduced at the divorce trial upon the contempt hearing for failure to abide by the consent order for temporary alimony; (2) adjudicating him to owe rent without any claim or demand having been made therefor; (3) adjudicating him to be in contempt for failure to abide by the consent order when the evidence showed that his health prevented him from engaging in gainful employment and also showed that he owned no property; and (4) holding him in contempt under the unverified complaint of the appellee when she did not appear in court or offer other competent evidence in support of her complaint.

■ The appellant's first enumeration cannot be sustained.

The trial judge at the contempt hearing not only had access to the transcript of the divorce proceedings which had commenced on June 5, 1973, but he had presided at that trial only six months previously. He stated from the bench at the contempt hearing that he vividly remembered the evidence presented at that jury trial in regard to the appellant's ability to pay alimony, and desired that this evidence be brought up to date through

the present time, which the appellant was allowed to do. This evidence tended to show that he had suffered ill health during that period of time and that his business had deteriorated as a result.

From this evidence the court apparently determined that his failure to make payments on the mortgages from May through September of 1973 was not wilful and that he was therefore not in contempt for failure to make the $500 in delinquent payments sought by the appellee.

■ In regard to the enumeration concerning delinquent attorney fees, the rule is that "upon a hearing for contempt for a failure to pay the same, the sole issue is the ability or inability to make the delinquent payments, and upon this question the discretion of the trial judge, where no abuse thereof is shown, will not be disturbed." *Coleman v. Coleman,* 205 Ga. 92 (52 SE2d 438); *Brown v. Brown,* 224 Ga. 90, 91 (160 SE2d 343). We find no abuse of discretion here. This sum has been due since 1970, well before the appellant's ability to pay declined.

■ There was likewise no error in the fact that the appellee's complaint was unverified and that she did not appear in court in person.

It is not necessary that complaints be verified unless extraordinary equitable relief is sought (Code § 81-109) or it is specifically provided by rule or statute (Code Ann. § 81A-111; Ga. L. 1966, pp. 609, 622).

The appellee's attorney here appeared in court in her absence out of state. The testimony of the appellant alone showed his failure to abide by the terms of the consent order. Therefore the evidence clearly was sufficient to support the allegations of the complaint.

■ However, we conclude that the trial court had no authority to allow the appellant to purge himself of wilful contempt for failure to abide by the terms of the consent order to deed the Lavender Drive property to the appellee and to make the monthly mortgage payments directly to her by ordering him to pay her the rental value of the property for those months during which he failed to vacate the premises.

While the appellant admittedly did not comply with those terms, nothing in the consent order required him

to make rental payments to her as an alternative. Thus he could not be delinquent in the payment of such rentals, nor could he purge himself of contempt of the consent order by paying them, as ordered. Having found that he was in wilful violation of the consent order, the trial judge could only allow him to purge himself by complying with its terms, to wit: by deeding the property to the appellee and vacating the premises, which was the essential relief sought by her.

Therefore, that portion of the judgment appealed from, i.e., ordering the appellant to pay to the appellee the sum of $4,375 due her as rental value of the property, must be reversed and the appellant ordered to deed her the property at 1427 Lavender Drive, N. W., Atlanta, Georgia, and to vacate those premises.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*