### 65312. PORTMAN et al. v. KARSMAN.

POPE, Judge.

In August of 1979 appellant Rosalind T. Portman filed an application for contempt against appellee Stanley M. Karsman, alleging that under the terms of a 1976 divorce decree appellee was required to maintain hospitalization insurance upon the parties' minor children. The complaint alleged that the minor daughter of the parties, Stacy Karsman, as a result of an automobile accident in 1978, had sustained severe personal injuries requiring hospitalization and treatment resulting in substantial medical expenses; and that Karsman had applied for and received payments in excess of $23,000 on the policy, but refused to pay them to Mrs. Portman upon her request. Karsman answered, averring that all medical expenses that were submitted to him had been paid and that all other medical expenses incurred on behalf of Stacy Karsman had been paid by the PIP carrier of the vehicle being operated by Stacy and Mrs. Portman. Karsman admitted that he had received excess benefits, but asserted that they had been transferred to a named bank as trustee of a trust fund established for Stacy. The trial judge found that Karsman was not in wilful contempt of the divorce decree, having maintained hospitalization insurance upon his minor children, and that he had no authority in a contempt action to modify the terms of the divorce and alimony judgment. The record reflects that this ruling was brought by discretionary appeal before the Supreme Court, which denied the application and a motion for rehearing.

In February of 1982 Mrs. Portman and Stacy filed the instant suit alleging that Karsman was required under the 1976 divorce decree to maintain hospitalization insurance on the minor children of the parties; that Stacy Karsman had reached majority and was the beneficiary of that agreement in the decree and of any resulting trust of the proceeds; that after Stacy was injured in the 1978 automobile accident Karsman refused to process claims under the policy in effect for her benefit, necessitating Mrs. Portman to pay the medical expenses with her own funds and those of her insurance carrier, and to seek reimbursement from Karsman; and that Karsman filed claims for injuries and treatment to Stacy and received payments in

excess of $39,000, which he had wrongfully retained and refused to turn over to Stacy or Mrs. Portman. The complaint was in five counts and sought to recover (1) in equity to impress a trust; (2) under the divorce decree and judgment; (3) for unjust enrichment; (4) for conversion; and (5) in tort for fraud with punitive damages.

Karsman filed an answer including motions to strike certain allegations, to dismiss and a plea of res judicata. Mrs. Portman and Stacy filed interrogatories addressed to the insurance claims made by Karsman on the policy in question, the proceeds received and the trust allegedly established for Stacy. In response Karsman moved for judgment on the pleadings and simultaneously filed a motion for a protective order pursuant to OCGA § 9-11-26(c) (former Code Ann. § 81A-126(c)), that discovery not be had until a ruling was made on his pending motions, which would be a final judgment and dispositive of the issues if made in his favor. The court entered an ex parte order granting the protective order on the ground that justice required that Karsman "be protected from annoyance or undue burden with regard to answering plaintiffs' interrogatories" until a ruling was made on his pending motions. Mrs. Portman and Stacy moved to vacate this order on the ground that it was considered without proper notice or opportunity for them to be heard, but this motion was never ruled upon. This appeal is brought from the grant of Karsman's motion to dismiss based on the plea of res judicata. *Held:*

We reverse. In a contempt proceeding where it is alleged that the husband has failed to pay alimony awarded in a divorce decree to the wife for the support of herself and the minor children, the only question raised is contempt vel non and the only issue to be heard is the husband's ability or inability to pay. *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975); *Mason v. Mason,* 232 Ga. 336 (1) (206 SE2d 479) (1974); *Coleman v. Coleman,* 205 Ga. 92, 93 (52 SE2d 438) (1949). The wife may avail herself of any civil process to collect the full amount of the judgment, and the doctrine of election of remedies does not apply to such proceedings. *Lipton v. Lipton,* 211 Ga. 442 (1) (86 SE2d 299) (1955); *Brodie v. Brodie,* 155 Ga. App. 593 (271 SE2d 725) (1980); *Herring v. Herring,* 138 Ga. App. 145 (2) (225 SE2d 697) (1976). See generally Davis and Shulman, Ga. Prac. & Proc. § 21-18.

The only issue litigated in the contempt application was whether Karsman wilfully violated the agreement incorporated in the divorce decree to "maintain" hospitalization insurance for the benefit of the parties' minor children equal to the amount he carried prior to the divorce. The court, expressly noting that it had no authority to modify the terms of the divorce and alimony judgment, determined that Karsman had complied with this specific term.

The trial court in the instant suit disagreed with appellants'

argument that Karsman's failure to *pay over* the insurance proceeds could not have been litigated in the contempt application because to do so would constitute a modification of the decree. The judgment is based upon the theory that a court may interpret and clarify its own orders, and that the test to determine if an order is clarified or modified is whether the clarification is reasonable or so contrary to the apparent intention of the original order as to amount to a modification. The trial court concluded that to interpret the requirement to maintain insurance as including payment of the proceeds was not only reasonable but necessary in order to accomplish the purpose of maintaining the insurance. Thus it held here that even though the contempt ruling was predicated upon a finding that Karsman had *maintained* the policy as required by the divorce decree, the issue of payment could have been litigated and was now res judicata.

Having studied the authority relied upon by the trial court in making this determination, we believe that it has drawn an unwarranted conclusion from the cases cited. *Jones v. Jones,* 244 Ga. 759 (262 SE2d 71) (1979), holds that where the parties' divorce decree orders the husband to "maintain insurance to cover" the medical and dental bills of the minor children, and the bills for which he was held in contempt for failing to pay were not payable by the insurance company under the insurance he procured, he was a self-insurer to the extent the insurance did not pay. The holdings in *Stringer v. Stringer,* 246 Ga. 211 (271 SE2d 352) (1980), and *Roberts v. Roberts,* 229 Ga. 689 (194 SE2d 100) (1972), are likewise.

We have no quarrel with the premise that the requirement to maintain hospitalization insurance necessarily includes payment of the proceeds to the minor children. In the above cases, however, the husbands made no reasonable effort to discharge the obligation imposed by the alimony decree, which is not the situation here. Indeed, it is clear that if the court had not considered placing the insurance claims paid on Stacy's behalf in trust for her benefit to be in compliance with the requirements of the divorce decree, it could not have ruled that Karsman was not in contempt of the order. Thus, the only issue that became res judicata as to the instant action is that there was a trust established by Karsman into which the insurance proceeds were being paid for Stacy's benefit.

Karsman "was obligated to pay these bills, and it makes no difference that a sizable portion . . . was paid by insurance provided by [Mrs. Portman] at her own expense. . . ." *Butler v. Carpenter,* 243 Ga. 734 (256 SE2d 463) (1979). Stacy acquired a vested interest in the proceeds of the insurance contract. *Curtis v. Curtis,* 243 Ga. 611 (255 SE2d 693) (1979). This suit was brought by them to determine the

assets held in trust for payment of Stacy's medical bills and, having attained majority, to establish her entitlement thereto, and Mrs. Portman's right to reimbursement for the expenditures made by her. It follows that the trial court erred in issuing the protective order denying appellants' use of discovery procedures to ascertain specifics of the trust and the proceeds received, and in dismissing their suit on the ground of res judicata.

*Judgment reversed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 4, 1983 —
REHEARING DENIED APRIL 27, 1983 —

*Julian H. Toporek,* for appellants.
*Joseph B. Bergen,* for appellee.