## 43853. EVERETT v. EVERETT.
(352 SE2d 370)

HUNT, Justice.

At the time of this couple's divorce, the father agreed ". . . to maintain hospitalization insurance on the minor child of the parties." He did not do so, and he was held liable for $735 in medical expenses in a prior contempt action in November 1985. In February 1986, the mother brought another action for contempt because the father had neither paid the prior $735 nor $320 in newly accrued medical bills. After finding him in contempt for not paying the $735 and half of the $320 claimed, the trial court added to its order: "Additionally, Defendant, JOHN T. EVERETT, will be responsible for the payment of all reasonable medical expenses incurred on behalf of the minor child of the parties in the future with the exception that any medical expenses not normally covered by standard medical hospitalization policies within the State of Georgia shall be equally split between the Plaintiff and the Defendant in the future, including the expenses incurred with William E. McGee, Ed. D." In this granted discretionary appeal, the father challenges the authority of the contempt trial court to make this modification in its contempt order.

1. In his first and second enumerations of error, the father challenges the propriety of the trial court's finding him in contempt for failure to pay the medical bills of the minor child of the parties, including those of the educational psychologist.

We need not pause to consider the father's attempts to reargue that he should not have been held in contempt for the $735 in medical expenses. That matter was disposed of in a November 1985 order which was not appealed and is now res judicata.

He makes, however, essentially the same argument as to the newly accrued medical expenses which were the subject of the present contempt action, but, he has furnished us no transcript. It is apparent from a reading of the briefs that the father has now obtained some form of medical coverage for his daughter as required by the 1974 divorce decree, and that this fact was considered by the trial court, before again holding him in contempt. In the absence of a transcript, we must assume the trial court properly decided this issue, and affirm the trial court's order insofar as it provides that the father is liable for

half of these past medical expenses.[1]

2. In his final enumeration of error, the father challenges the future expenses portion of the trial court's order. We agree with him that this amounts to a modification of the existing order, which may be accomplished only in a separate suit for modification as provided under OCGA § 19-6-88 (divorces prior to July 1, 1977), and is error. *Meredith v. Meredith*, 238 Ga. 595 (1) (234 SE2d 510) (1977).

The father, however, remains liable for all expenses which are covered by the hospitalization policy he agreed in 1974 to provide for his child. Insofar as he fails to maintain that coverage, he is a self-insurer to the extent the medical expenses would have been covered by that policy. *Roberts v. Roberts*, 229 Ga. 689 (194 SE2d 100) (1972). *Jones v. Jones*, 244 Ga. 759 (262 SE2d 71) (1979) and *Stringer v. Stringer*, 246 Ga. 211 (271 SE2d 352) (1980), relied upon by the wife in arguing he is additionally liable for medical expenses not covered by insurance, are distinguishable because in those cases an intent to cover *all* medical expenses was found within the four corners of the original decree. We cannot say that is true here. A reasonable reading of this provision in requiring the father to "maintain hospitalization coverage" implies a more limited responsibility for his daughter's medical expenses. Thus, a question of fact is created with each new medical expense. If it is covered, or would have been covered, by hospitalization insurance then the father is liable for it; if not, then the mother is responsible.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED JANUARY 28, 1987.

*Gregory H. Kinnamon,* for appellant.
*Cunningham & Mullinax, Billy E. Mullinax,* for appellee.

---

[1] We do not here reach the mother's assertion for the first time, without having filed a cross-appeal, that the trial court erred in making her liable for the other half of this expense.