## S95A0025. BOYETT v. WESTER.
(456 SE2d 504)

Hunt, Chief Justice.

The question in this discretionary appeal is whether the trial court erred in ordering Boyett, the father, to pay all medical expenses for the parties' children, whether or not those expenses are covered by an insurance policy. We reverse.

Donald Boyett and Kaye Boyett Wester were divorced in 1992. The verdict of the jury was that Boyett was responsible for providing "Health Insurance along with Deductible and co-payments" for the two children. The final judgment and decree, drafted by Boyett's attorney and approved by Wester's attorney, stated:

> In addition, Plaintiff shall furnish and pay premiums for major medical health insurance and shall maintain such insurance for the children until each of them reaches the age of 18, dies, marries or becomes self-supporting. Plaintiff shall pay the deductible and co-payment amounts required to be paid by the insured under the abovesaid major medical health insurance policy, and shall also pay the cost of prescription medicine for the children, if not covered by said insurance, during the time that Plaintiff is required to maintain such insurance.

Since the time of the divorce, Boyett and Wester have disagreed about what medical expenses Boyett is required to pay. In April 1994, Boyett filed an action seeking a declaration regarding his obligations under the divorce decree and claiming Wester was in contempt of the decree; Wester counterclaimed for contempt. The trial court found, inter alia, that Boyett was responsible for paying all of the children's medical expenses, whether covered by an insurance policy or not; the court stated that "[i]f the major medical insurance policy required by the Divorce Decree does not cover all medical expenses of the children, then Plaintiff is responsible for these expenses independently."

This court has repeatedly held that the trial court has no author-

ity in a contempt proceeding to modify the terms of a divorce decree. *Groover v. Simpson*, 234 Ga. 714 (217 SE2d 163) (1975). The final decree requires Boyett to pay for a major medical insurance policy, and to pay deductible and co-payment expenses and the costs of prescription medicine. By maintaining the medical insurance policy and paying for those additional expenses enumerated in the final decree, Boyett is doing all that is required of him.[1] In holding that Boyett was responsible for medical expenses not covered by insurance or enumerated in the final decree, the trial court impermissibly modified the terms of the final decree;[2] accordingly, that portion of the trial court's order requiring payment of medical expenses not covered by the medical insurance policy must be reversed.

*Judgment reversed. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

In rendering the judgment in this divorce action, the trial court first recited the language used by the jury in its verdict, finding Donald Boyett responsible for providing "Health Insurance along with Deductible & co-payments" for the couple's twin sons, and then translated "Health insurance" into "major medical health insurance." Two years later, at the hearing on Wester's contempt action, it was established that although Boyett had obtained what his insurance agent denominated a "major medical" policy, it actually covered only basic hospital and surgery expenses and did not cover other significant medical expenses, such as the boys' asthma treatment at a medical doctor's office. The trial court, after considering the language of the jury verdict and the original decree, concluded that Boyett was responsible for "paying all medical and pharmacy expenses for the children, whether covered by an insurance policy or not," noting that "[i]f the major medical insurance policy required by the Divorce Decree does not cover all medical expenses of the children, then [Boyett] is responsible for these expenses independently."

I dissent to the reversal of the trial court's order because I consider the trial court's action here to be a reasonable clarification of its earlier judgment. While a trial court

> may not modify a previous decree in a contempt order . . . a court may always interpret and clarify its own orders. [Cits.]

---

[1] Required of him by decree, that is. One's own concept of parental obligation may "require" more but that is a requirement unenforceable in a court of law.

[2] Contrary to the view of the dissent, in this appeal we are not called upon to ascertain the intent of the jury or to find facts resulting in the final judgment and decree. Rather, our job is to construe the decree, which is eminently clear.

The test to determine whether an order is clarified or modified is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification.

*Kaufmann v. Kaufmann*, 246 Ga. 266, 268-269 (3) (271 SE2d 175) (1980). This Court gives "wide discretion" to trial courts in their determination of what was meant by the terms used in an earlier order. Id. at 269 (3).

Looking to "the four corners of the original decree," *Everett v. Everett*, 256 Ga. 632, 633 (2) (352 SE2d 370) (1987), there is no question that the jury in this case intended Boyett to be responsible for covering his sons' medical expenses, including those amounts not covered by insurance policies, such as deductibles and co-payment amounts. Compare *Everett*, supra, in which the jury limited the father's responsibility to providing only "hospitalization" insurance. It is also clear that the trial court in its original decree, when it replaced the verdict's generic "health insurance" coverage with the industry term, "major medical" coverage, did not intend to limit the expenses for which Boyett was responsible, but instead acted unsuspecting of the fact that there are available health insurance policies, denominated as "major medical" policies, which fail to cover many substantial medical expenses. The instant order rectified any misapprehension that the original decree's reference to "major medical" allowed Boyett to limit his responsibility merely to obtaining a policy given a "major medical" designation by the insurance industry without regard for the actual coverage provided by the policy and instead recognized that although Boyett may purchase what is denominated a "major medical" insurance policy, he is a self-insurer to the extent that policy fails to cover his sons' medical expenses. This case is thus consistent with our holdings in *Stringer v. Stringer*, 246 Ga. 211 (271 SE2d 352) (1980) and *Jones v. Jones*, 244 Ga. 759 (262 SE2d 71) (1979).

Contrary to the majority's position, the evidence heard by the trial court here established that Boyett was not "doing all that [was] required of him," but rather was doing considerably less, under the justification that the label his insurance agent gave a type of insurance policy controlled over the coverage actually provided by the policy. To address this problem, the trial court clarified the original decree in a manner eminently reasonable and entirely consistent with the intention of the original order. Accordingly, because I conclude that the trial court clarified, not modified, the original decree, and did so in a manner well within its discretion, I must dissent to the majority's reversal of the trial court's order.

DECIDED MAY 8, 1995.

*Lambert, Floyd & Conger, L. Catharine Cox*, for appellant.
*Kirbo & Kendrick, Bruce W. Kirbo*, for appellee.