S99A1459. BLAIR v. BLAIR.
(527 SE2d 177)

HINES, Justice.

We granted ex-wife, Ms. Blair, discretionary appeal to determine whether the trial court's award, entered pursuant to her contempt action against her ex-husband, properly reflected the amount Ms. Blair should have received to compensate her for her ex-husband's failure to provide equivalent insurance coverage under the divorce decree. Because the award does not reflect Ms. Blair's entitlement, we reverse.

The Blairs were divorced in 1989, after a marriage of 28 years. The final judgment and decree of divorce was entered following a jury verdict. Under the decree, Mr. Blair was obligated to "maintain

health insurance for the wife equivalent to the coverage formerly provided by Delta Airlines through Aetna Insurance Company; the husband shall provide to the wife the replacement policy and provide proof of payment and the period covered by said payment as these payments are made." Ms. Blair contended that Mr. Blair was in contempt of the provision for not providing the required health insurance.

After an evidentiary hearing, the court found the following: The couple's separation resulted in the termination of Ms. Blair's coverage under the Delta/Aetna policy, but triggered her coverage under COBRA for three years until 1991; at that time, Mr. Blair provided Ms. Blair coverage under an Aetna conversion policy; the conversion policy provided significantly fewer benefits to Ms. Blair than did the Delta/Aetna policy; Ms. Blair is almost uninsurable; Ms. Blair has obtained a Blue Cross Blue Shield policy which provides more benefits than did the conversion policy but which contains a 60-month exclusion for pre-existing conditions; the 60-month period was to expire in 1999; the current cost for the policy is $385 per month; since termination of COBRA coverage, Mr. Blair has been paying Ms. Blair $301 per quarter, the cost of the conversion policy; Mr. Blair knew or should have known that such sum would not purchase equivalent coverage; the jury intended for Mr. Blair to provide Ms. Blair with coverage equivalent to that then provided by Delta; the final judgment and decree of divorce contemplates that Mr. Blair would pay the expense of such a replacement policy and this he has not done.

The trial court did not find Mr. Blair in contempt, but concluded that he had not been as diligent as he should have been to provide equivalent health coverage, and therefore, was not relieved of fiscal responsibility for uncovered expenses which would have been covered by the Delta/Aetna policy. For Mr. Blair's "failure to provide the best possible coverage" to Ms. Blair, the court found him indebted to Ms. Blair for $13,044.41 for medical services which the court found, by a preponderance of the evidence, would have been covered under the Delta/Aetna policy from January 1, 1991 until the date of the hearing.

1. Ms. Blair contends that the court erred in failing to enforce the spirit and intent of the health insurance provision by not ordering Mr. Blair to pay sufficient sums to maintain her Blue Cross Blue Shield policy, the best and only coverage available for her, and to pay, additionally, any expenses not covered which the jury-awarded Delta/Aetna coverage would have paid. The contention has merit.

The analysis of the award must begin with the trial court's authority. In this contempt proceeding, the court did not have the power to modify the terms of the divorce and alimony judgment.

*Perry v. Perry*, 265 Ga. 186, 188 (3) (454 SE2d 122) (1995); *Peppers v. Peppers*, 238 Ga. 411, 412 (233 SE2d 374) (1977). But, the trial court did have wide discretion to determine whether court orders have been violated, and that determination is to stand on appeal in the absence of an abuse of discretion. *Wrightson v. Wrightson*, 266 Ga. 493, 496 (4) (467 SE2d 578) (1996); *Davis v. Davis*, 250 Ga. 206, 207 (296 SE2d 722) (1982). This is so because the court has the authority to interpret and clarify a court order. *Millner v. Millner*, 260 Ga. 495, 497 (2) (397 SE2d 289) (1990). The question becomes whether "the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." *Davis* at 207. See *Kirkendall v. Decker*, 271 Ga. 189 (516 SE2d 73) (1999).

Here, the court's determination that the final judgment and decree of divorce contemplates that Mr. Blair would pay the expense of a replacement health insurance policy providing coverage equivalent to that in the Delta/Aetna policy is supported by the clear language of the judgment. So too, is the court's implicit finding that the Blue Cross Blue Shield policy is presently equivalent coverage as will satisfy Mr. Blair's obligation under the decree. And it is undisputed that the Aetna basic conversion policy which replaced the COBRA coverage in 1991, and was the policy on which Mr. Blair calculated his payment of premium obligation, fell far short of providing benefits comparable to the Delta/Aetna policy or the subsequent Blue Cross Blue Shield policy, and indeed, failed to provide significant coverage. Ms. Blair's insurance expert described the conversion policy as "garbage."

Even though the evidence was that the conversion policy was then the only insurance that would immediately cover Ms. Blair's pre-existing medical conditions, the evidence does not support Mr. Blair's assertion that Ms. Blair was ineligible for fuller coverage, that is, insurance which might not immediately accept pre-existing conditions but would ultimately provide better benefits. Quite the contrary. In 1994, seeking better coverage, Ms. Blair obtained the present Blue Cross Blue Shield policy, then at a cost of $341 per month. It is undisputed that the coverage under this policy is not as extensive as under the Delta/Aetna one, but apparently, it was, and remains, the closest coverage that can be obtained for Ms. Blair, given her health conditions, which include her development of Hodgkin's disease. Thus, Mr. Blair is responsible for providing the Blue Cross Blue Shield policy for Ms. Blair, which the trial court has deemed "equivalent," and the trial court erred in failing to hold him liable for future premium amounts necessary to maintain this coverage.

2. But, that is not the extent of Mr. Blair's fiscal responsibility for the health insurance. When a party is obligated to provide certain health insurance for a former spouse as an element of support, inso-

far as the party fails to do so, he or she becomes a self-insurer to the extent the medical expenses would have been covered by the ordered policy. *Everett v. Everett*, 256 Ga. 632, 633 (2) (352 SE2d 370) (1987); *Roberts v. Roberts*, 229 Ga. 689 (194 SE2d 100) (1972).

There is evidence to support the court's finding that Mr. Blair knew or should have known that the amounts he sent Ms. Blair for his health insurance obligation would not purchase equivalent coverage. Ms. Blair testified that when she was sent the conversion policy in January 1991, she telephoned Mr. Blair and told him that the coverage was inadequate and asked for his help in getting better insurance, and that Mr. Blair responded that she should have "thought about that" before she divorced him; other telephone conversations about the insurance met with similar responses. But, regardless of Mr. Blair's express knowledge of the insurance inadequacy, it is clear that the basic conversion policy could not be considered equal in coverage to what was awarded by the jury and mandated by the court judgment. Thus, Mr. Blair became a self-insurer during the period of time Ms. Blair was covered under the Aetna basic conversion policy, and he is liable for that period to the extent that her medical expenses would have been covered under the Delta/Aetna policy, then the benchmark of coverage, but were not covered under the conversion policy. *Everett v. Everett,* supra at 633 (2); *Roberts v. Roberts,* supra.

3. Due to her development of Hodgkin's disease, Ms. Blair amassed approximately $74,638 in medical expenses which her Blue Cross Blue Shield policy has paid. Ms. Blair maintains that crediting Mr. Blair with 100 percent of the insurance benefits is improper under *Butler v. Carpenter*, 243 Ga. 734 (256 SE2d 463) (1979). She argues that he should receive credit for the insurance benefits on a pro rata percentage basis of the premium he paid; that because Mr. Blair paid only about 29½ percent of the premium necessary to sustain the Blue Cross Blue Shield policy, he is properly credited with that percentage of the paid insurance benefits, calculated as just under $22,000, and is indebted to her for the remaining insurance benefits of about $52,600.

*Butler v. Carpenter* determined that the ex-husband was not entitled to a credit for benefits paid by insurance provided at the ex-wife's expense when the ex-husband refused to continue insurance to cover their children's medical expenses, for which he was responsible under the parties' divorce decree, and that the payment of the insurance benefits was not a defense to the ex-wife's petition for contempt against her former husband. See *Portman v. Karsman*, 166 Ga. App. 398 (304 SE2d 399) (1983). *Butler v. Carpenter* is in accord with clear authority finding that the party obligated to provide certain health insurance for a former spouse, but remiss in doing so, is a self-

insurer to the extent of the mandated coverage. *Everett v. Everett,* supra; *Roberts v. Roberts,* supra. Otherwise the defaulting spouse is given the benefit of that which he or she failed to provide, and thus, is inappropriately rewarded for negligently or intentionally failing to honor the legal obligation. Accordingly, Mr. Blair is properly credited with paid medical benefits of the pro rata percentage of the premium he paid, but is held to be a self-insurer to the extent of coverage of Ms. Blair's medical expenses under the Blue Cross Blue Shield policy, but for which Mr. Blair failed to pay the premium for such coverage.

This matter is remanded to the trial court for a recalculation of its award to compensate Ms. Blair for her ex-husband's failure to provide equivalent insurance coverage under the divorce decree, consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur, except Sears, J., who dissents.*

DECIDED FEBRUARY 21, 2000.

*Robert G. Nardone,* for appellant.
*Shelby A. Outlaw,* for appellee.