A02A0768. IN RE WAITZ.
(567 SE2d 87)

MIKELL, Judge.

This is attorney Joseph L. Waitz's appeal of the trial court's order holding him in civil and criminal contempt. For the reasons that follow, we affirm.

The record shows that Waitz filed a Racketeer Influenced and Corrupt Organizations Act (RICO) action on behalf of a client against several defendants in Rockdale County Superior Court in November 2000.[1] On January 25, 2001, Waitz and defense counsel entered into a consent protective order, which governed the disclosure and use of the information obtained from the defendants during the course of the litigation. On or about September 29, 2001, Waitz voluntarily withdrew as plaintiff's counsel due to health reasons. Several days later, Waitz, naming himself as the plaintiff, filed a lawsuit in federal court against several defendants, including three of those named in the superior court action.[2]

The defendants filed a motion for an immediate hearing for sanctions and/or contempt, alleging that Waitz violated the consent protective order by using information gained through the state action to file his federal lawsuit. After a hearing during which Waitz testified extensively, the trial court found Waitz in civil and criminal contempt of court for violating the protective order. This appeal followed.

As this case involves criminal and civil contempt, we must apply two standards of review. "[O]n appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[3] In civil contempt appeals, if there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion.[4] Under both standards of review, we affirm.

There is no dispute that Waitz consented to the protective order in the previous litigation. Paragraph five of the protective order provided that "[a]ll items and information designated as Confidential Information pursuant to paragraph 2 above shall be used only for the purpose of prosecution, defense, or settlement of the above-styled civil action, and for no other purpose." Waitz testified that he understood that the protective order prohibited the use of information designated as confidential by the parties.

At the hearing on defendants' motion, the defendants questioned Waitz about the sources of information that he used to draft numer-

---

[1] That action is styled *Nancy Fowler v. Our Loving Mother's Children, Inc., Robert J. Hughes, Bernice A. Hughes, Jack Sweeney and Michael O'Conner.*

[2] Waitz's federal action is styled *Joseph L. Waitz v. Robert J. Hughes, St. Josaphat Ukrainian Catholic Diocese, Bernice A. Hughes, Stephen H. Debaun, Michael J. Powell, Jack Sweeney and Ron Tesoriero.*

[3] (Citation and punctuation omitted.) *In re Irvin*, 254 Ga. 251, 256 (2) (328 SE2d 215) (1985).

[4] *Head v. Head*, 234 Ga. App. 469, 472 (1) (507 SE2d 214) (1998).

ous allegations of his federal complaint and to answer the mandatory disclosures. Waitz testified on his own behalf and was provided an opportunity to submit evidence in his defense. In his brief, Waitz, in an effort to identify his independent sources, recounts his testimony and refers to certain documents that he filed in response to defendants' motion and conversations that he had with various individuals. After reviewing the record, we find that there was evidence to support the trial court's finding that Waitz used information prohibited by the order in his federal action. Moreover, there was sufficient evidence to support that finding beyond a reasonable doubt. We discuss below some of the evidence upon which the trial court could have relied.

Waitz was asked, "You have utilized and cited a letter from these auditors to [defendant] OLMC, dated November, 13, 1998? Correct?" Waitz replied, "If you say I have, I have." Waitz then testified that he obtained the information from an individual who obtained it from the Georgia Secretary of State's Office. However he offered no testimony from that person or documents to prove the independence of his source. Waitz acknowledged that the January 8, 1992 OLMC board minutes were confidential and that he would have violated the protective order by using them, yet paragraph ten of his federal complaint reads in part, "[t]he fact that OLMC was designated by Mr. Hughes in the Minutes of January 8, 1992. . . ." Again, Waitz claimed that he gleaned the information from other sources but offered no such sources into evidence.

When asked about information that was contained in depositions that had been marked confidential, Waitz replied that he learned the information from another lawyer in the case but had not actually used the deposition transcripts to form the allegations in his complaint. In another instance, Waitz admitted that the only conversation that he had with a certain witness was when he deposed the witness, yet he based one of the paragraphs in his complaint on that witness's deposition testimony. Waitz testified that he did not check to see if the deposition was marked confidential, but if it had been so marked, he was in error for using the information.

When asked if he wished to present evidence, Waitz indicated that he needed additional time to submit his documentary evidence and witness statements. Thus, the only evidence that Waitz offered at the hearing was his testimony and the documents he filed initially with his response to the motion for sanctions. Without documentary evidence of Waitz's independent sources, we are left only with Waitz's credibility to consider, which we cannot do. "Credibility of witnesses is necessarily a question for the trier of fact, in this case the trial

court."[5] Therefore, viewed most favorably toward the defendants, we find that there was evidence to support the trial court's finding of criminal contempt beyond a reasonable doubt.[6] Furthermore, the same evidence supports the trial court's judgment holding Waitz in civil contempt.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JUNE 14, 2002.

*Darel C. Mitchell*, for appellant.

*Baker, Donelson, Bearman & Caldwell, Michael J. Powell, DeLong, Caldwell, Novotny & Bridgers, Edmund J. Novotny, Jr., Charles R. Bridgers, Suzanne K. Lehman*, for appellee.

---

[5] *Brown v. Thomas*, 257 Ga. 68, 69 (2) (354 SE2d 830) (1987).
[6] *In re Irvin*, supra.