S02A0250. CITY OF ROSWELL et al. v. ELLER MEDIA
COMPANY.
(566 SE2d 659)

HUNSTEIN, Justice.

Appellants, the City of Roswell and its mayor, Jere Wood, appeal from the trial court's order holding them in contempt of its November 18, 1999 injunction directing both the City and the Mayor to permit appellee, Eller Media Company, to "construct and operate" outdoor advertising signs within the city. Finding no error, we affirm.

The injunction at issue arose out of contentious litigation in which the City sought to preclude Eller Media Company's predecessor in interest (hereinafter "Eller") from constructing and operating advertising signs within the City of Roswell. Ultimately, the trial court ruled in favor of Eller and entered its order directing Mayor Wood and the City to "permit Eller to construct and operate each and every sign" involved in the action. The record demonstrates, however, that after the signs were constructed, the Mayor, using extensive City resources and personnel, contacted every business or organization that displayed a message or advertised on Eller's signs in the City of Roswell and strongly discouraged them from advertising on such signs. On at least one occasion, the Mayor threatened to rebid a City contract with the advertiser unless the company canceled its advertising agreement with Eller. In response to the Mayor's numerous threats and actions, several businesses canceled their contracts to advertise on Eller's signs. Based on this evidence, the trial judge found that the Mayor engaged in a "course of conduct the clear intent of which was to undermine or prevent the operation of Eller's signs in the City" and that the "Mayor knew or should have known that his attempts to impede the operation of Eller's signs in the City violated the Court's orders."

1. A trial court has wide discretion in determining whether its orders have been violated and such determination will not be disturbed absent a gross abuse of discretion. See *Blair v. Blair*, 272 Ga. 94 (1) (527 SE2d 177) (2000); *Wrightson v. Wrightson*, 266 Ga. 493 (4) (467 SE2d 578) (1996). " 'If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. (Cit.)' [Cit.]" *City of Cumming v. Realty Development Corp.*, 268 Ga. 461, 462 (1) (491 SE2d 60) (1997).

Applying the appropriate standard of review, the record evidence

amply supports the trial judge's determination that the "Mayor has used the City's resources, personnel, and power in an attempt to prevent the operation of Eller's signs" in violation of its orders. The injunction directed the City and Mayor Wood to permit Eller to construct and operate each and every contested sign in the City of Roswell. Looking at the "four corners of the original decree," *Everett v. Everett*, 256 Ga. 632, 633 (2) (352 SE2d 370) (1987), there is no question that the trial judge intended to broadly prohibit the City and its mayor from taking further steps to interfere with the construction and operation of the signs. It is further apparent from the record that the Mayor, using City resources and personnel, directly contravened the spirit and intent of the trial court's order by contacting and threatening current and potential clients of Eller. See *Smith v. Gwinnett County*, 268 Ga. 179 (1) (486 SE2d 151) (1997) (" '[i]t is the spirit more than the letter of the injunction to which obedience is required.' [Cit.]"). Accordingly, we find the trial judge did not abuse his discretion in holding that appellants wilfully refused to comply with his order.

2. We reject appellants' argument that Eller failed to prove it has standing to file a motion for contempt as a successor in interest.[1] Included in the record is the affidavit of the president of Eller, which includes a provision that "in April 2000, Eller entered an agreement with [the original plaintiffs], whereby Eller acquired all right, title, and interest" held by the original plaintiffs in the sign permits at issue. Moreover, appellants have acknowledged in previous filings in both this Court and the trial court that Eller acquired all property rights held by the original plaintiffs when it purchased the sign permits.

3. Appellants' contention that the Mayor's contemptuous conduct is protected by the First Amendment to the United States Constitution and the corresponding rights in the Georgia Constitution is misplaced. The trial court found that appellants engaged in a "course of conduct," including the use of threats, the clear intent of which was to interfere with and impede the operation of Eller's signs. There is no constitutional protection for the Mayor's acts not involving speech or for his use of explicit and implicit threats of official sanctions and economic reprisals against those who contracted with Eller. See *Bantam Books v. Sullivan*, 372 U. S. 58, 67 (83 SC 631, 9 LE2d 584) (1963); see generally *Rattner v. Netburn*, 930 F2d 204, 210 (2d Cir. 1991). Cf. *R.C. Maxwell Co. v. Borough of New Hope*, 735 F2d 85, 88 (3d Cir. 1984).

---

[1] The record reflects that the original plaintiffs in this matter sold their interests in the sign permits to Eller, which subsequently constructed and now operates the signs at issue.

4. Although the Mayor argues that the trial court erred in holding his conduct waived the court's earlier finding that he was entitled to qualified immunity, the trial court assessed no damages against the Mayor and he has shown no harm from the ruling. Accordingly, we do not reach the merits of this enumeration in this appeal.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., Sears, P. J., and Benham, J., who dissent.*

SEARS, Presiding Justice, dissenting.

Although I agree with the majority that a trial court has discretion to determine whether its judgments and orders have been violated, a trial court nevertheless may not hold someone in contempt for conduct that falls outside the scope of and is not prohibited by a previous judgment. Because I conclude that is what occurred in this case, I dissent.

1. The trial court's November 1999 judgment stemmed from litigation in which the appellants had relied solely on various ordinances to deny Eller Media's application to construct and operate advertising signs. In that judgment, the trial court ruled that the appellants could not rely on those ordinances to deny Eller Media's application, and the court thus ordered the appellants to permit Eller Media to "construct and operate" the signs. The present contempt action, on the other hand, arises not from actions taken under any city ordinance to prohibit Eller Media from constructing and operating the signs, but from separate and distinct actions taken by the mayor to contact advertisers and discourage them from advertising in the city. Because this conduct simply is not prohibited by and exceeds the scope of the trial court's judgment involving the litigation over the city's ordinances, I conclude that the conduct cannot properly be the subject of a contempt action on that decree.[2] For this reason, I dissent to Division 1 of the majority opinion and to the judgment.

2. In addition, I dissent to Division 3 of the majority opinion, as I agree with the appellants' assertion that the trial court violated the appellants' First Amendment rights in the contempt order by enjoining the appellants from making any effort whatsoever to contact advertisers using Eller Media's signs. In this regard, the appellants have a constitutional right to express their views to advertisers regarding advertising within the City of Roswell, so long as the appellants do not threaten some form of punishment or adverse

---

[2] See *Harris v. U. S. Development Corp.*, 269 Ga. 659, 661-662 (502 SE2d 721) (1998); *George v. George*, 232 Ga. 389, 392-393 (207 SE2d 26) (1974); *Ramsey v. Ramsey*, 231 Ga. 334, 337-338 (201 SE2d 429) (1973).

action against the advertisers.[3] Because the trial court's injunction does not prohibit only such threats by the appellants, but prohibits constitutionally protected speech, it is overbroad, and I dissent to the majority's affirmance of the injunction.

3. In its November 1999 judgment, the trial court ruled that the mayor enjoyed qualified immunity from damages sought by the plaintiffs under 42 USC § 1983. In its contempt order, however, the trial court ruled that the mayor was no longer entitled to qualified immunity from damages because of his conduct in contacting advertisers. On appeal, the mayor contends that the trial court erred in this ruling, but the majority holds that the mayor's contention is moot because the trial court did not award damages.[4] However, because the contempt ruling removed a significant barrier to awarding damages and as the trial court left open the possibility that it would award damages at a later time, I cannot agree that the issue is moot.

In addition, the trial court had no authority in ruling on the contempt motion to modify the provision in the final judgment providing that the mayor was entitled to immunity. First, the modification came after the term of court in which the final judgment was entered.[5] Second, and more importantly, a trial court does not have the authority in a contempt action to modify the terms of a final judgment.[6] The fact that the trial court did so demonstrates that Eller Media's contempt motion and the trial court's contempt order exceeded the scope of the parties' litigation. In essence, in its contempt motion, Eller Media is seeking damages for actions of the appellants that were never the subject of its complaint against the appellants and that occurred after the litigation over the sign ordinances had ended.

4. For the foregoing reasons, I dissent to Divisions 1, 3, and 4 of the majority opinion and to the judgment.

I am authorized to state that Chief Justice Fletcher and Justice Benham join in this dissent.

DECIDED JULY 11, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

---

[3] See *Rattner v. Netburn*, 930 F2d 204, 208-210 (2nd Cir. 1991); *Connell v. Signoracci*, 153 F3d 74, 82 (2nd Cir. 1998).

[4] See Division 4 of the majority opinion.

[5] *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995) (trial court only has the inherent authority to modify a judgment during the same term of court in which the judgment was rendered).

[6] *Boyett v. Wester*, 265 Ga. 387 (456 SE2d 504) (1995).

*Carothers & Mitchell, Richard A. Carothers, William M. Coolidge III*, for appellants.

*Dow, Lohnes & Albertson, Peter C. Canfield, Sean R. Smith, Edward A. Webb*, for appellee.

