A06A0412. IN RE LILES.
(629 SE2d 492)

SMITH, Presiding Judge.

William Liles was ordered to spend ten days in jail or pay a $1,000 fine as punishment for contempt of a juvenile court's protective order. See OCGA § 15-11-5 (a) and (b) (2). The court found that Liles failed to bring his 14-year-old son C. L. to a meeting with C. L.'s probation officer and interfered with the court's supervision of C. L.[1] Liles appeals, arguing that the evidence was insufficient to support the finding of contempt. We find no error and affirm.

"On appeal of a criminal contempt conviction the appropriate standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation, punctuation and footnote omitted.) *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002); see *In re Irvin*, 254 Ga. 251, 256 (2) (328 SE2d 215) (1985). So viewed, the evidence showed that the juvenile court entered an "Abeyance and Protective Order" requiring C. L.'s parents to "[m]eet with the child's Juvenile Probation Officer as required by said personnel and cooperate with said personnel," and to "[p]rovide transportation for [C. L.] to all Court ordered programs." The order also required that C. L. submit to random drug screens.

On March 7, 2005, the Lileses brought C. L. to meet with his probation officer as required. On March 8, C. L. was assigned a new probation officer, who mailed a letter to the Lileses requesting them to bring C. L. to meet with her on March 31. Liles left a message for the new probation officer informing her that C. L. had already reported for the month of March and that he would not be attending the March 31 meeting. Earlier the same month, Liles instructed C. L. to refuse a probation officer's request to submit to a drug test.

---

[1] The juvenile court also found C. L.'s mother, Karen Liles, in contempt for failing to bring C. L. to a probation meeting.

If, under the juvenile court's protective order, Liles was required to bring his son to the probation meeting only once a month, we would be troubled by the juvenile court's finding of contempt. However, the protective order merely stated that Liles' son was to "report to [his] Probation Officer and be on time for all visits." The order did not limit the number of visits. The order also required Liles to cooperate with probation personnel and to provide transportation for his son "to all Court ordered programs and to such other places as may be directed by the juvenile probation office." Thus, Liles's decision to forgo the March 31 meeting was a violation of the court's order.

Liles failed to comply with a court order to cooperate with C. L.'s probation officer and to bring C. L. to meet with her as required. Liles also interfered with the court's supervision of C. L. by advising C. L. to refuse to submit to a drug test. This evidence was sufficient to support the trial court's finding of contempt beyond a reasonable doubt. See *In re Waitz*, supra, 255 Ga. App. at 844.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MARCH 27, 2006.

*Laura S. Farrar*, for appellant.
*Tommy K. Floyd, District Attorney, Mary Evans-Battle, Assistant District Attorney*, for appellee.