## A08A0569. KOROWOTNY et al. v. THE OUTBACK PROPERTY OWNERS ASSOCIATION, INC.

(661 SE2d 857)

RUFFIN, Presiding Judge.

Scott and Jamie Korowotny appeal the trial court's entry of a contempt order against them for violating their residential subdivision's restrictive covenants in contravention of the final judgment of the trial court. For reasons that follow, we affirm.[1]

The standard of proof in civil contempt is a preponderance of the evidence.[2] "In civil contempt appeals, if there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion."[3] Here, property owners in The Outback residential subdivision initially brought an action against the Korowotnys, who owned two lots in the subdivision, seeking to enforce the subdivision's restrictive covenants. The complaint was amended to substitute The Outback Property Owners Association, Inc. (the "Association") as the plaintiff. The complaint alleged that the Korowotnys had not constructed a residence on their property, but instead had built a 5,000 square foot warehouse building, placed two mobile homes on the property, and constructed a driveway from one lot to the other, all in violation of the subdivision's restrictive covenants.

During the pendency of the case, the trial court entered several interim orders relating to the Korowotnys' activities on their lots. In its order entered on March 4, 2004, the trial court ordered that

> [the Korowotnys] shall not erect, place[,] or construct any structure or building upon their Outback Property. [The Korowotnys] shall not place any mobile or modular structure, add any structure, foundation, addition[,] or modification to the property nor shall they undertake any grading, except for the sole purpose of landscaping the property. No concrete shall be poured, footings or other substructure installed, nor shall any building or improvement to the property be modified or altered. This order does not prohibit routine maintenance of any building, improvement[,] or driveway.

---

[1] The appellee contends that we lack jurisdiction over this appeal because issues remain pending below. Pretermitting whether such issues remain, a finding of contempt is directly appealable pursuant to OCGA § 5-6-34 (a) (2).

[2] See *Huffman v. Armenia*, 284 Ga. App. 822, 825 (1) (645 SE2d 23) (2007).

[3] *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002).

In September 2005, a jury trial was held, and the jury answered verdict interrogatories. In October 2005, the trial court rendered judgment based on the verdict interrogatories, finding that the Korowotnys had violated the subdivision covenants by: "[t]emporarily living in a camper trailer on their property; the nature of the garage constructed[;] and . . . in clear cutting a portion of their property in 2003." The order required the Korowotnys to perform certain remedial measures to correct these violations, including: obtaining three quotes from landscape architects for landscaping plans to conceal the garage on their property; replacing vegetation that was clear-cut; and then implementing these plans. The Korowotnys appealed, and we affirmed the judgment of the trial court on March 14, 2007 in accordance with Court of Appeals Rule 36.

The Korowotnys reconfigured their two lots during the pendency of the action.[4] This reconfiguration made it virtually impossible to access Lot 94 from the paved road with construction equipment, due to a steep grade. In the spring of 2007, the Korowotnys modified what Mr. Korowotny termed a "logging road" running between Lot 94 and Lot 95 and used the road to transfer construction equipment from Lot 95 to Lot 94. The subdivision's restrictive covenants provide that "[n]o tract in this subdivision shall be used, nor shall any roads, streets[,] or rights of way, be placed upon such tracts for ingress and egress to adjoining property. . . ."

On April 18, 2007, the trial court entered an order enjoining the Korowotnys from any construction on their property pending a hearing on a motion for contempt by the Association. The hearing was held on April 26, 2007, and the trial court entered its findings on the record. In July 2007, the trial court entered a written order setting forth its findings from the April hearing. The Korowotnys appeal from this order, contending that the trial court erred in ruling on issues that were not addressed in the final judgment and thus were outside its purview.[5] Specifically, the Korowotnys object to those portions of the contempt order prohibiting them from further construction on their property pending certain requirements being met, prohibiting them from accessing one of their lots across the other lot, finding Scott Korowotny in contempt for constructing a roadway between the two lots, and awarding attorney fees to the Association.

---

[4] The Association contends that this was done to move the existing driveway to Lot 95, thus mooting the allegation in the complaint that the Korowotnys were in violation of the restrictive covenants by having a driveway that connected the two lots.

[5] The Korowotnys do not appeal other portions of the contempt order that address violations of specific requirements of the final judgment.

In three related enumerations of error, the Korowotnys argue that three provisions of the July 2007 contempt order are unenforceable because they exceed the scope of the final judgment and therefore give the Association additional relief that it was not awarded in the judgment. The Korowotnys contend that,

> [a]lthough nothing in the jury verdict or judgment prohibited construction on Lot 94 or 95 [the lots owned by the Korowotnys], the trial court entered an order finding Mr. Korowotny in willful contempt for constructing the alleged roadway, restricting and prohibiting construction on both Lots 94 and 95, and prohibiting access to Lot 94 from Lot 95 for any purpose.

The Korowotnys are correct that the final judgment did not specifically address these certain actions for which they have now been held in contempt. The final judgment does provide, however, that the Korowotnys are to "refrain from further violations of the 'Covenants'." And using Lot 95 for ingress and egress to Lot 94, which the Korowotnys admit to doing, is a clear violation of the restrictive covenants. A review of the record shows that access across the two lots was an issue before the trial court during the litigation. There was also evidence presented that the Korowotnys were maintaining a driveway or road between the two lots, which is a violation of the restrictive covenants.

"A trial court has wide discretion in determining whether its orders have been violated."[6] Here, the final judgment directs the Korowotnys to comply with the subdivision's restrictive covenants. And there is evidence to support the trial court's finding that they did not do so. Especially under these circumstances, where the Korowotnys had admittedly not complied with many of the requirements of the final judgment and were engaging in additional violations of the restrictive covenants, the trial court did not abuse its discretion in prohibiting the Korowotnys' conduct and finding Mr. Korowotny in contempt for wilfully failing to comply with its order.[7]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED APRIL 18, 2008.

*Benny M. Martin*, for appellants.

---

[6] *City of Roswell v. Eller Media Co.*, 275 Ga. 379 (1) (566 SE2d 659) (2002).

[7] See id. at 379-380; *Hall v. Monroe County*, 271 Ga. App. 895, 897 (1) (611 SE2d 120) (2005).

*Diane M. Moore*, for appellee.